### Autrey v. Autrey.

1. Where land is rented for one year without any conveyance of an interest in the land itself, the right to possession and use for the year is disposed of, but under section 2279 of the code no estate whatever passes out of the landlord into the tenant. On the death of the landlord intestate, within the year, the land descends to his heirs encumbered with the right of possession previously disposed of by their ancestor to his tenant. They acquire no right to the possession and consequently have no title, merely as heirs, to the rent accruing for that year, whether the crops were planted before or after their ancestor's death. The rent is personalty, and the right to collect and distribute is in the personal representative of the decedent.

2. As to lands left by the intestate with the right of possession and use undisposed of, the heirs take not only the land itself, but the right to immediate possession, subject to the quarantine and dower rights of the widow, if any, and to the power of the administrator to administer according to law. If there are no creditors, and the administrator rents out the land, the accruing rents, when not needed to pay the expenses of administration, belong to the heirs as such, although the legal right to collect is in the administrator. He is a mere trustee for them.

3. A conveyance by an heir to a purchaser of all his interest in the land of the intestate, which is silent both as to rents and the time of giving possession, passes no title to rents to become due from tenants who at the date of the conveyance are occupying for the year in which the intestate died, if such tenants occupy under contracts with the intestate himself; but if they occupy under contracts made with the administrator, it is otherwise—unless creditors or the expenses of administration are unsatisfied. When the heir, as such, would be entitled to money collected by the administrator on account of rent had he retained title to the land, his unconditional vendee will succeed to this right as to rents accrued and collected after the change of ownership.

June 30, 1894.  Argued at the last term.                *Judgment reversed.*

Complaint on account. Before Judge Smith. Milton superior court. August term, 1893.

T. A. Autrey sued Josephus Autrey and obtained a verdict for $50.97, with interest from March 16th, 1893. Defendant moved for a new trial on the general grounds, and because the court erred in directing a verdict for the

plaintiff. The motion was overruled. The evidence shows that the father of the parties died on February 25th, 1891, leaving certain lands, and on March 20th, 1891, the plaintiff purchased of the defendant his interest in these lands, receiving defendant's deed therefor. One of the administrators of the estate testified that the deceased Autrey had two croppers on his land at the time of his death, and some of the land sown in oats; that the administrators rented out some of the land at standing rents; that after deducting the expenses, commissions and one fifth of the rents due the widow (she having elected to take one fifth of the estate), the balance was divided among the other distributees, and defendant was paid $50.97 as his share of the rents which accrued during the first year after the death of his father, and went into the hands of the administrators, and were distributed among the heirs. The plaintiff testified that all the crops on the land were grown and planted after he bought defendant's interest.

T. L. LEWIS, for plaintiff in error.

B. F. SIMPSON and ENOCH FAW, contra.