VASON *v.* CLANTON *et al.*

SIMMONS, C. J.  1. While a court of equity, when it has all the necessary parties before it and has once taken jurisdiction of a particular subject-matter, will ordinarily proceed to do complete justice, and finally administer the rights of each of the respective parties, it will not extend its jurisdiction in such manner as to draw to itself collateral matters not appropriately comprehended within the scope of the original proceeding under which, in the first instance, it assumed jurisdiction, and especially where such collateral matters have already been, by appropriate judicial proceedings, committed to another and independent jurisdiction; and, therefore, while in a partition proceeding the administrator upon the estate of one of the deceased cotenants may be called into the forum of equity to interplead with the other cotenants touching the interests of the estate he represents in the particular property sought to be partitioned, he can be held as a party defendant only for the purpose of ascertaining and defining the extent of that interest, and after this is once ascertained, it will pass into his hands as assets of the estate he represents, to be dealt with in the ordinary course of administration.

2. Where a suit is filed by one claiming through, or in the right of, a tenant in common, against others claiming in like manner, for the purpose of obtaining a partition of the premises so claimed by them, and it appears that one of the persons entitled as a tenant in common died before the institution of the suit, leaving a widow who was entitled to a dower and year's support out of the estate of the deceased cotenant, it is necessary, to render a decree binding upon such estate, that the administrator thereof be made a party defendant.

3. In such a proceeding, one of the tenants in common is not entitled, as against the administrator, to have a decree appropriating any portion of the interest of the deceased cotenant to the payment of debts due from the latter to the former, but the interest of such deceased cotenant, upon partition, should be awarded to the administrator upon his estate to be by him administered, the priorities of the various contesting creditors of his estate to be determined in the court in which that estate shall be finally administered.     *Judgment affirmed.    All the Justices concurring.*

Argued June 15, — Decided August 10, 1897.

Equitable petition, etc.  Before Judge Callaway.  Richmond superior court.  October term, 1896.

On August 10, 1895, Henry H. Cumming, a judgment creditor of Mrs. Gertrude Thomas, filed in the superior court of Richmond county his petition for the appointment of partitioners or a receiver to sell, for division of the proceeds, certain real estate in the city of Augusta in which Mrs. Thomas was entitled to an undivided one-sixth interest, under the will of her father, Turner Clanton, deceased, it being alleged in the

petition that, owing to the location, dimensions and improvements, it was impossible to divide it in kind. The petition alleged that the property was held and managed by Mrs. Ann C. Vason, who also owned an undivided one-sixth interest therein; and the petitioner prayed that Mrs. Vason be made to come to an accounting with him for the income of the property, and be required to pay over to him the one-sixth interest of Mrs. Thomas. All of the devisees were made parties defendant. Among the defendants were Lizzie W. Clanton and Turner Clanton, heirs at law of James L. Clanton, late of Columbia county, deceased, who was a devisee of an undivided one-sixth interest in the property. The court passed an order appointing a receiver and directing him to sell the realty for the purpose of carrying out the prayers of the petition. The property was sold by the receiver, in conformity to the order, for $13,000, the purchaser being Mrs. Ann C. Vason. On February 3, 1896, Mrs. Vason filed her answer and accounted for the management of the property, and in her answer set up certain mortgages which she held upon the interests of other devisees, and also a judgment in favor of Charles Estes against James L. Clanton, one of the devisees, which had been transferred to her, and prayed that the sale be confirmed and the proceeds in the hands of the receiver be distributed by crediting the shares of the mortgagors on their respective mortgages, and the share of James L. Clanton on the judgment held by her, and that the respective amounts due to the mortgagors from rents be credited in like manner. No answer having been filed by any of the defendants except Mrs. Vason, and the receiver having filed a report of the sale, the court, on April 20, 1896, passed a decree in which, after setting out the amounts due Mrs. Vason upon the mortgages held by her upon the interest of other devisees, and the amount of the judgment against James L. Clanton, it was ordered that she be allowed to use the mortgages and the judgment, and her own one-sixth interest, as a credit, to the extent of the amount thereof, upon the purchase-price of the property, and that upon payment in cash of the difference between that amount and the purchase-price of the property, the receiver execute to her a deed or

·deeds to the property, conveying title to her free from all liens; the liens and judgments in her favor being released from the property and charged upon said fund. In pursuance of this decree the receiver distributed the fund, allowed Mrs. Vason to credit on the mortgages and the judgment the respective sums appearing to be due her thereon, and filed his final report. Neither Lizzie W. Clanton nor Turner Clanton was served with a copy of the answer of Mrs. Vason, nor had either of them any notice of the matters therein set out or claimed, at the time of the decree. On July 6, 1896, Lizzie W. Clanton filed her motion, asking the court to open the decree, and to require Mrs. Vason to pay over to her the amount due upon her share of the judgment produced by Mrs. Vason against the estate of James L. Clanton. She alleged that on April 20, 1887, Charles Estes, the plaintiff in the judgment referred to, transferred to her the interest due thereon, the transfer being entered upon the fi. fa., and she holding the same as her absolute property; that on November 6, 1889, the principal of the fi. fa. was sold and transferred to Mrs. Vason, and since that date Mrs. Vason has owned the unpaid principal amounting to $2,417.86, and movant the interest due thereon April 20, 1887, $2,066.66, besides interest on that amount from that time on; that all of the share of James L. Clanton arising from the sale of the property by the receiver (which amounted to $2,503.59) had been used by Mrs. Vason in paying for the property under the orders of the court, she claiming to be the owner of the entire fi. fa., when all she was entitled to use was $437.59. In addition to the prayers above mentioned, she asked that the property be resold at the risk of Mrs. Vason.

The court having passed an order suspending the order of April 20, 1896, Lizzie W. Clanton and Turner Clanton filed, on July 27, 1896, an answer to the original petition, admitting the allegations therein, and an answer to the answer of Mrs. Vason of February 3, 1896; in which answer of Lizzie W. and Turner Clanton they set up that no notice was given them of the filing of the answer of Mrs. Vason, nor that any claim was set up adverse to their interests. They alleged that, Mrs. Vason being their agent in charge of the property, they looked to her

and to the receiver of the court for protection of their interests, and were entitled to notice when she sought to obtain any position adverse to them. They denied that Mrs. Vason was entitled to use the judgment against James L. Clanton as against the claim of Lizzie W. Clanton, set up in her motion of July 4, 1896, and repeated the allegations of the motion as to the movant's rights therein. They prayed that the order allowing the whole amount of the judgment to be appropriated by Mrs. Vason be vacated; and as the heirs of James L. Clanton they claimed the right to direct how the same should be applied, and directed that it go to the payment of the accrued interest on the fi. fa. Turner Clanton as administrator of James L. Clanton claimed that the funds should be paid to him for the purpose of administration.

After answer by Mrs. Vason and argument had, the court, on July 27, 1896, passed an order as follows: "The motion of Lizzie W. Clanton, filed July 6, 1896, to open the order of April 20, 1896, having been considered this day, it is ordered that said motion be granted, and said order of April 20, 1896, so far as it allows the use by Ann C. Vason of said fi. fa. of Chas. Estes *v.* J. L. Clanton against his share of the property sold by the receiver, be and the same is hereby vacated and set aside only as to the disposition of the interest of J. L. Clanton; and the disposition of the said share will be considered by the court so soon as the original fi. fa. and transfer thereon to Ann C. Vason is produced, which Ann C. Vason is ordered to [do] immediately, and said Ann C. Vason is restrained from making any disposition of the realty purchased until the further order of this court."

On August 17, 1896, Mrs. Vason filed her amended answer, denying the right of Lizzie W. Clanton and Turner Clanton to any of the proceeds of the sale made by the receiver, or to any of the rents arising from the property, and claiming that the share of James L. Clanton therein was properly credited on the fi. fa. held by Mrs. Vason. On August 31, 1896, an order was passed allowing Lizzie W. Clanton and Turner Clanton by amendment to their answer to set up, as against the amended answer of Mrs. Vason, the right of Lizzie W. Clanton to dower

and year's support, and the right of Turner Clanton to the fund in controversy for purposes of administration; and on October 10, 1896, Lizzie W. Clanton filed an answer, setting up the dormancy of the judgment held by Mrs. Vason, that an interest in the property sold by the receiver belonged to James L. Clanton, that Lizzie W. Clanton as the widow of James L. Clanton was entitled in equity to have her dower set apart to her out of that interest, and that she had a year's support set apart to her by the court of ordinary of Columbia county, for $2,500, which had never been paid to her; and she prayed that the year's support so set apart be paid to her from the fund in court. It appears that the year's support was set apart at the October term, 1896, of the court of ordinary, the application having been made in August, 1896. Turner Clanton, as administrator of James L. Clanton, filed, on November 6, 1896, a motion asking to be made a party as such administrator, and claimed the fund in court for the purpose of administration, for paying debts and making distribution. When the case came on to be heard, counsel for Lizzie W. Clanton moved to make Turner Clanton, administrator of James L. Clanton, a party, and over objection of counsel for Ann C. Vason, the court granted the motion. At the hearing were introduced in evidence the letters of administration issued to Turner Clanton, the proceedings in the setting apart of a year's support to Lizzie W. Clanton, and the fi. fa. in favor of Charles Estes.

The court at the October term, 1896, decreed as follows: This case coming on to be heard, and it appearing that the disposition of the share of James L. Clanton, deceased, being the question before the court for determination, and it appearing that Turner Clanton, administrator of James L. Clanton, is before the court claiming said fund for the purpose of paying debts of the estate and making distribution, and no question of fact being in dispute, and this [being a] question only of law, after argument of the same and producing letters of administration of the administrator, it is considered, adjudged and decreed that Turner Clanton, administrator of James L. Clanton, is entitled to the share of the intestate for the purpose of administration acccording to law; and Ann C. Vason is hereby ordered

and directed to pay said share of James L. Clanton of $2,509.92 now in her possession, with interest from April 20, 1896, until paid, to the attorney of record of said administrator, within thirty days from this date; and in case of failure to do so, the receiver, M. P. Carroll, is hereby ordered and directed to at once seize and advertise for sale, at the next day thereafter, viz., at January sales, 1897, the realty heretofore sold to Ann C. Vason (describing it). The receiver will put the purchaser or purchasers in possession and eject Ann C. Vason or persons holding under her, and from the proceeds of the sale pay Turner Clanton, administrator of J. L. Clanton, the sum which is hereby fixed as a first lien on the proceeds of sale in view of the records in this case. The receiver will also pay from said proceeds the costs of this cause, and his fees for a resale; or if said payment is made by A. C. Vason in thirty days, then she will also pay the costs of this suit; and said Ann C. Vason, being now in possession of said property, is enjoined from in any way encumbering the same until after the payments aforesaid.

Mrs. Vason excepted: (1) To the decision of the court in ordering Turner Clanton, administrator, to be made a party to the cause, assigning the same as error because he was neither a necessary nor a proper party to the suit. The court, having all the parties before it and being a court of equity, could and should administer the fund in dispute, and determine whether it should be paid to Lizzie W. Clanton for her year's support, the same being a prior lien of the highest dignity, if allowable under the circumstances of the case; and it was not necessary or proper for the administration of the estate of James L. Clanton, deceased, that said fund should be turned over to the administrator. (2) To the decision that Turner Clanton, administrator, is entitled to the share of James L. Clanton deceased, for the purpose of administration, and ordering her to pay over said share of $2,509.92; the same being assigned as error, because, when the decree of April 20, 1896, was opened, it was opened only for the purpose of allowing Lizzie W. Clanton to assert her right to the fund as a part owner of the Estes judgment; and at that time [Lizzie W. Clanton] had neither a

year's support nor any other claim against the fund. (3) To the decision enjoining her from selling or encumbering the real estate she purchased at the receiver's sale; assigning the same as error, because there was no allegation or proof of her insolvency, and therefore the court had no jurisdiction to grant an injunction.

*M. P. Carroll*, for plaintiff in error.     *W. K. Miller*, contra.