WEST *et al. v.* MERCER, executor, *et al.*

Under the facts of this case, the court did not err in refusing to appoint a receiver.

Argued December 16, 1907.—Decided March 25, 1908.

Petition for receiver. Before Judge Spence. Calhoun superior court. July 27, 1907.

*Thomas E. Watson, Hawes Cloud,* and *Green & Watson,* for plaintiffs.

*O. B. Morris, Wooten & Hofmayer,* and *Olin J. Wimberly,* for defendants.

Evans, P. J. Philip E. Boyd, late of Calhoun county, died on July 8, 1906, leaving a will which was duly probated by the nominated executors, John R. and Jesse E. Mercer. After making certain special bequests, the testator devised the residuum of his estate to his sister and his nephews and nieces, fifteen in number, to be

equally divided among them. The testator's sister, who was named as a residuary legatee, died before the testator. He was a man of considerable wealth, and conducted extensive mercantile and farming operations. He provided in his will that if his death should occur at a time when inconvenience to his customers or loss to his estate might occur from the closing up of his business affairs, his various business enterprises should be continued by his executors to the end of the current year, at which time the executors were directed to wind up his business in a manner most expedient to them, and to the best interest of his estate. In anticipation of a sale of the property of the estate at the end of the current year, the residuary legatees (the executors being among the number) applied for and obtained a charter for a corporation called the Boyd Company. The purpose of the corporators was to buy in for the corporation such property at the sale as might otherwise be sold at a sacrifice. The corporation was capitalized at $75,000, and its shares were subscribed for by the legatees. The executors obtained orders from the court of ordinary for the sale of the per-.sonal and real property, and at the sale the greater portion of the property was purchased by the Boyd Company. The realty was sold before the court-house door at Morgan, the county site, and the personalty was sold at Leary, the residence of the testator at the time of his death. Several of the legatees made individual purchases at these sales. A few months after these sales Mrs. Leila R. West, Mrs. Luella Dismuke, James P. Whitaker, and G. L. Whitaker, four of the residuary legatees named in the will, and the husband and children of Mrs. Georgia L. Hasty, another residuary legatee, since deceased, and certain children of Mrs. Sarah Whitaker, a residuary legatee who predeceased the testator, brought their petition for relief, injunction, and receiver, against the executors J. R. and J. E. Mercer, the Boyd Company, and the other residuary legatees. The petition alleged, that all of the petitioners except the children of Mrs. Whitaker assented to the organization of the Boyd Company, with a view of protecting the common interest of all the legatees at the sale of the testator's property, but that they had been deceived by the executors as to the real purpose of the incorporation; which is charged to be a scheme in the interest of a portion of the legatees to obtain the estate of their testator, or a large part thereof, at a greatly reduced value.

It was alleged, that most of the property was purchased by the Boyd Company, and that the executors conducted the sale in such a manner as to chill bidding, and depressed values in order that the Boyd Company might buy the property of the estate for much less than its true worth. It was further alleged, that the petitioners were not aware of the purpose of the executors, until after the various sales, and that since they have acquired such knowledge they have disaffirmed their consent to take shares in the company and repudiated any and all action by the Boyd Company alleged to be in their behalf. The prayer of the petition was, for cancellation of the sales by the executors to the Boyd Company, for an accounting by the executors and the Boyd Company, for the ascertainment of the amount of petitioners' several legacies, for the appointment of a receiver, for injunction, and other relief. The court appointed a temporary receiver and granted a rule to show cause why a permanent receiver should not be appointed. On the hearing of the rule for the appointment of a permanent receiver, all the defendants submitted their several sworn answers denying all charges of fraud, bad faith, and mismanagement of the estate charged in the petition, and setting forth the history and purpose of the organization of the Boyd Company, and the acts and doings of the executors in the administration of the estate. It was averred, that the legacy to the testator's sister lapsed because of her death before the testator died, and that her children had no interest in the estate. It was also averred, that the property brought its full value at the executors' sales; that some of petitioners were present at the sales, and that nothing was said or done by the executors or other defendants to stifle bidding or depress values. Both sides submitted evidence to support the allegations in their pleadings. Two of the plaintiffs, G. L. Whitaker and Mrs. Luella Dismuke, on the hearing asked that they be allowed to withdraw from the suit. It appeared that both the executors were solvent, and that one of them was worth in unincumbered property a sum many times the estimated value of the several plaintiffs' interests in the estate of P. E. Boyd. After hearing the evidence, the court revoked the appointment of a temporary receiver, and denied the application for the appointment of a permanent receiver, on condition that the defendants give bond payable to the clerk of the superior court for the benefit of the

plaintiffs, in the sum of $20,000. The defendants were also enjoined from disposing of or encumbering any of the realty in their possession that may have come from the estate of P. E. Boyd, until final decree should be had in the case. Mrs. West and the heirs of Mrs. Hasty, representing two shares in the estate, sued out a bill of exceptions, complaining that the court erred in refusing to appoint a permanent receiver.

We have not undertaken, in the foregoing statement of the general features of this litigation, to give in detail the various facts upon which the plaintiffs rely as grounds for the removal of the executors from their trust, the cancellation of the sales to the Boyd Company, and the administration of the estate through a receivership. Neither have we attempted to specifically set forth the replies of the executors to the various charges preferred against them in the administration of the estate, and against the Boyd Company concerning the purchase of the property by it at executors' sale. We have given a succinct narrative of the general character of the allegations, to the end that the nature and scope of the question presented in the present bill of exceptions may appear. The only point there raised is the necessity of a receiver to take charge of the assets of the estate in the hands of the executors, and of the property purchased by the Boyd Company at the executors' sales pending the litigation.

It is well settled that courts of equity have concurrent jurisdiction with courts of ordinary in the administration of the estates of deceased persons in all cases where equitable interference is necessary or proper for the full protection of the rights of the parties at interest. But a receiver should not be appointed to take the assets out of the hands of the legally appointed representatives, except in cases of manifest danger of loss or destruction, or material injury to the assets. *Harrup* v. *Winslet*, 37 *Ga.* 655; *Powell* v. *Quinn*, 49 *Ga.* 523; *Dougherty* v. *McDougald*, 10 *Ga.* 121. The appointment of a receiver determines no right as between the parties, nor does it affect the title in any way. The purpose of a receivership is to preserve the property contested for pendente lite until the final disposal of all questions, legal or equitable, involved in the action. *Bigbee* v. *Summerour*, 101 *Ga.* 201 (28 S. E. 642). As was said by Lamar, J., in *Huggins* v. *Huggins*, 117 *Ga.* 160 (43 S. E. 759), no matter how strong the apparent equity of the

·complainant may be, if there is no necessity for a receivership, the ·courts will not change the status until final decree. It must therefore be made to appear that the applicants' interest in or claim to the property sought to be placed in custodia legis will be jeopardised unless the court should take charge of it pending the litigation. Let us examine into the right of the plaintiffs in error to have a receiver for the protection of their respective interests. Both executors .are solvent, and one of them is worth many times the value of the interests of the plaintiffs in this estate. Under the doctrine of lis pendens the fruits of the litigation as to the corpus of the real ·estate (which is the more valuable part of the estate) will be se-. ·cured; and as to the income, choses in action, and personalty, the ·solvency of the defendants affords reasonable security as against loss. *Clay* v. *Clay, 86 Ga.* 359 (12 S. E. 1064). In addition the ·court enjoined the Boyd Company from disposing of the realty which it purchased from the executors. The court's restraint in ·this respect prevents alienation, and holds all the realty intact until final decree. The court also exacted of the executors a bond ·in a sum sufficiently large to protect the plaintiffs in error from ·possible loss. The plaintiffs are entitled to have the property of ·their testator fairly and legally administered; they are entitled to ·recover the true amount of their testator's benefactions to them; ·but they are not entitled to have the assets of their testator wrested from the hands of the executors appointed by the testator, and the ·property of a purchaser acquired at·executor's sale put into the ·hands of a receiver pending the litigation, unless it is made to :appear that there is danger that the assets will be destroyed, or ·diminished in value, and that probable loss will be sustained. The ·court did not abuse its discretion in refusing to appoint a receiver.

*Judgment affirmed. All the Justices concur.*