HOYT *et al.* v. WARE, administrator, *et al.*

1. Where the realty belonging to the estate of a decedent consisted of a lot of land fronting 120 feet on one street and 81 feet on an intersecting street, and there was a dwelling-house on one half of the lot, near the corner made by the intersection of the two streets, the other half of the lot being vacant, and an application to the court of ordinary for the sale of the realty of the estate was made by the administrator, which described the real estate as "one 5-room one-story frame dwelling situated at the corner of Avenue A and West 10th Street in the City of Rome," and which alleged that it was necessary to sell the same for the purpose of paying debts due by the estate, and an order was passed by the court of ordinary granting the application and authorizing the administrator, "for the purpose aforesaid," to sell the land described in the petition, under such order the administrator was authorized to sell the vacant half of the lot, after duly advertising the same, and was not compelled to sell all of the property. *Copelan* v. *Kimbrough,* 149 *Ga.* 683 (102 S. E. 162); *Hall* v. *Davis,* 122 *Ga.* 252 (50 S. E. 106); *Lee* v. *Hester,* 20 *Ga.* 588.

(a) It was competent by extrinsic evidence to identify the land in dispute as the land contemplated by the administrator's sale. *Hayes* v. *Dickson,* 148 *Ga.* 700 (98 S. E. 345).

2. In so far as the plaintiffs relied upon proof of fraud and collusion on the part of Aycock and the administrator, at whose sale the land was purchased, the evidence was insufficient to show fraud and collusion:

and the court did not err in directing a verdict for the three defendants against whom recovery could only have .been had upon showing the invalidity of the order,' or fraud and collusion.

3. In the 15th paragraph of the administrator's answer to the petition is the following language: "The estate of the said Florence T. Ware, deceased, is now indebted to this defendant in the sum of eight hundred ninety-three dollars and eighty-one cents ($893.81), being the excess of expenses of administrator paid out by him over receipts received from said estate." This was demurred to upon the ground that defendant does not set out in said paragraph, or elsewhere in his answer, or as an exhibit to the answer, a schedule of his receipts and disbursements covering said alleged sums, or a copy of his returns to the court of ordinary." *Held*, that the portion of the answer set forth was open to the attack made by the demurrer. If the administrator had made due returns showing receipts and disbursements, and in the part of the answer had referred to his returns, this might have relieved him of the necessity of setting out in this connection the items of his expenditures and his receipts; but in the absence of such reference to his returns, the statement of a lump sum of the indebtedness claimed was sufficient. And the same ruling is made as to the demurrer to the 25th paragraph of the answer.

4. Where an administrator keeps the estate of his intestate in his hands for distribution for a period of several years, and in a suit against him in part for an accounting sets up as proper disbursements payment of taxes, insurance, etc., he should not, when giving testimony in support of the allegations of his answer as to the amount of taxes, insurance, repairs, etc., be permitted to state lump sums or totals, but, upon proffered objections that the receipts would be the best evidence, should be required to produce the receipts or account for them; and where their loss or destruction is shown and the way opened for giving parol testimony upon this subject, he should be required to state items as far as possible; or if those items are shown in any of his returns as administrator, duly made and approved, he might satisfy the rule of evidence upon this subject by the production of those returns or an exemplification of the record of the court of ordinary, duly made.

5. Where realty belonging to an estate is sold by an administrator under an invalid order, title to the property does not pass from the estate; it still remains a part thereof.

6. When one owning real estate dies, the title to the real estate passes to the heirs; and it is not the duty of the administrator, as such, to collect rents accruing after the death of the intestate; and if he does so, it is not in his capacity as administrator, and he is not liable to the heirs for the amount of the rents, as administrator, nor is the surety on his bond as administrator liable.

No. 3552.  JULY 18, 1923.

Equitable petition.  Before Judge Wright.  Floyd superior court.  December 15, 1922.

Mrs. Florence Ware, the mother of the plaintiffs in error, died

intestate on or about January 8, 1912, leaving surviving as her heirs at law her husband, R. F. Ware, and four children, to wit, Claude Emory Ware, Myrtis Ware Hoyt, Maynor Ware Camp, and Thelma Ware. All of these children were minors at the date of the death of their mother. At the date of the filing of the suit in this case, November 2, 1921, Claude Emory Ware was twenty-six years of age, Myrtis Ware Hoyt was twenty-three years of age, Maynor Ware Camp was twenty-one years of age, and Thelma Ware was a minor eighteen years of age, and sued by her next friend, Myrtis Ware Hoyt. The only property of any kind belonging to the estate of the said Florence Ware was a lot located in the City of Rome, Georgia, at the intersection of Avenue A and West 10th Street, fronting 120 feet on Avenue A, and running back an even width along West 10th Street 81 feet to the center of an alley in the rear thereof. Located on the side of the lot next to the corner formed by the intersection of Avenue A and West 10th Street was a five-room house, leaving vacant that part of the lot fronting on Avenue A, between this house and the next adjoining property.

R. F. Ware, the husband and one of the heirs at law, conveyed his undivided one-fifth interest in the property to the defendant in error, John D. Aycock, on August 5, 1913. On or about September 1, 1913, R. F. Ware was duly appointed administrator of the estate of Florence Ware, and qualified as such by taking the oath required by law and executing and filing bond, on which the United States Fidelity & Guaranty Co. was surety. Ware, as administrator, on September 2, 1913, filed a petition seeking an order for the sale of the property. In the petition it is set out that the estate consisted of " one five-room, one-story frame dwelling situated at the corner of Avenue A and West 10th Street, in the City of Rome," and that for the purpose of paying debts it was necessary to sell the land. Citation was duly issued, and at the October term of the court of ordinary an order for the sale of the land was granted. The lot of land in question was 120 feet fronting on Avenue A by 81 feet fronting on West 10th Street. The frame house referred to was located on the eastern half of the lot. R. F. Ware had previously sold his one-fifth undivided interest in the western half of the lot to John D. Aycock, one of the defendants. The sales from the defendant in error, R. F. Ware, as administra-

tor, to the defendant in error, John D. Aycock, and from Aycock to W. B. Hale, and from Hale to the defendant in error, Mrs. Lucy Williams, are attacked and sought to be set aside in the petition of the plaintiffs, on the ground that there was no valid order from the court of ordinary authorizing the sale by Ware, administrator, to Aycock, and that such sale was void for the further reason that there was collusion between Ware, administrator, and Aycock, by which the four-fifths interest in the lot was sold by Ware, administrator, to Aycock for less than its value. And it is sought to recover from the defendant in error, Mrs. Lucy Williams, for the reason that no valid sale had divested the interests of the plaintiffs in error as the heirs at law in said property. The United States Fidelity & Guaranty Co., as surety on the administrator's bond, was joined as a defendant in the suit, and judgment was sought against the surety for all moneys, proceeds and effects coming into the hands of Ware, as administrator, not accounted for to petitioners.

The United States Fidelity & Guaranty Co. demurred to the declaration in so far as the suit attempted to set forth a case against it. The court sustained the demurrer and dismissed the case as to the surety. After the plaintiffs and the defendants had submitted evidence, the court directed a verdict in favor of the defendants, Aycock, Hale, and Mrs. Lucy Williams. Then, after argument of counsel and the charge of the court, the jury rendered a verdict in favor of the plaintiffs as against Ware, as administrator, in the sum of $139. The plaintiffs made a motion for new trial, which was overruled, and they excepted, assigning error also upon the judgment sustaining the demurrer of the surety company, exceptions thereto pendente lite having been previously filed.

*Paul H. Doyal,* for plaintiffs.

*Max Meyerhardt, Porter & Mebane, Denny & Wright,* and *Willingham, Wright & Covington,* for defendants.

BECK, P. J. (After stating the foregoing facts.)

1-2. The rulings made in headnotes 1 and 2 require no elaboration.

3. The attacks upon the portions of the answer of the administrator were made in the form of motions to strike those portions of the answer upon the grounds stated. It will be observed in headnote 3 that we treat these motions to strike as demurrers

to those parts of the answer referred to, and we are of the opinion that they should be so treated.

4.   The ruling made in headnote 4 needs no elaboration.

5-6.   The demurrer of the United States Fidelity & Guaranty Co., referred to in the statement of facts, was mainly upon the ground that, first, where real estate is sold by an administrator without legal order of sale, such act does not render the surety liable; and secondly, that where an administrator takes possession of the real estate of an intestate and collects the rents, issues, and profits, he does so as a trustee for the heirs at law, and not as administrator; and that this is especially true where no legal order has been granted authorizing the administrator to take possession of the property for the purpose of sale to pay debts or for distribution.   This demurrer was sustained, and the assignment of error upon it by the plaintiffs in error requires this court to decide whether the points raised by the demurrer are well taken.   The court did not err in sustaining the demurrer as to the Fidelity & Guaranty Co.   In so far as concerns the proceeds of the sale of the land which it is alleged in the petition was sold without a valid order authorizing the sale, the petition itself shows on its face that that realty was still a part of the estate of the administrator's intestate.   The fact that we have held in another part of the opinion that under the evidence which was introduced after the demurrers were disposed of the order was, as a matter of fact, valid, does not affect the question of the demurrer.   The petition alleged that the order was invalid.   The demurrer was passed on in the light of that allegation, and the Guaranty Company was not liable as surety for any loss because of that sale or any loss of the proceeds; for the title to the same, had the order been invalid, would have remained in the estate.   And the petition, in so far as it sought to recover a judgment for the amount of rents collected by the administrator, stated no cause of action against the surety.   When the administrator's intestate died the title to the realty passed to the heirs, under the provisions of our Code.   The right to collect rents was in the heirs; and if the administrator collected them he did not do so as administrator, but as an heir, or as cotenant.   It may be that under the circumstances he sustained a fiduciary relation to the heirs similar to the relation of a trustee to the cestui que trust, but he was not liable

on his bond as administrator, and the surety can not be held liable for the amount of rents collected. See cases of *Cross* v. *Johnson,* 82 *Ga.* 67 (8 S. E. 56) ; and *Collins* v. *Henry,* 155 *Ga.* 886 (118 S. E. 729).

It follows from what we have said above that the court erred in denying a new trial as to the defendant R. F. Ware, but upon other questions involved no error is shown. A new trial will be ·granted in so far as the ruling of the court upon the motion for new trial refuses a new trial as against R. F. Ware, administrator, but in all other respects it will be affirmed.

*Judgment reversed in part and affirmed in part. All the Justices concur, except Russell, C. J., dissenting.*