### 15563.   ROBERTS, administratrix, *v.* KITE *et al.*

1. "When one owning real estate dies, the title to the real estate passes to the heirs; and it is not the duty of the administrator, as such, to collect rents accruing after the death of the intestate; and if he does so, it is not in his capacity as administrator." *Hoyt* v. *Ware,* 156 *Ga.* 98 (6) (118 S. E. 734). Compare *Johnson* v. *Johnson,* 80 *Ga.* 260 (1) (5 S. E. 629); *Autrey* v. *Autrey,* 94 *Ga.* 579 (20 S. E. 431); *Strickland* v. *Thornton,* 2 *Ga. App.* 377 (4) (58 S. E. 540); *Hansen* v. *Leath,* 25 *Ga. App.* 522 (103 S. E. 727).

2. A tenant can not dispute his landlord's title, or attorn to another claimant while in possession. He can not, without the consent of his landlord, change the character of his holding, even after the expiration of the original rent period, until he surrenders the premises. This is true notwithstanding the person putting the tenant in possession may not have owned the land. *New* v. *Quinn,* 31 *Ga. App.* 102 (1) (119 S. E. 457). But in the affidavit for the distress warrant in this case the plaintiff sought to proceed as administratrix, alleging that the rents were due to an estate (*Mathis* v. *Fordham,* 114 *Ga.* 364 (1), 39 S. E. 324; *Peavy* v. *Langster,* 13 *Ga. App.* 418 (2), 79 S. E. 215; *Anderson* v. *Daniel,* 19 *Ga. App.* 526, 91 S. E. 940), and the tenants would not be estopped, under the rule just stated, to dispute the right of the plaintiff to proceed in that capacity, since it appears that the contract of rental was made with the plaintiff as an individual.

3. Assuming that on demurrer (none was filed) the defendant's answer would not have been a sufficient denial of the plaintiff's representative capacity (*Kenan* v. *Du Bignon,* 46 *Ga.* 258 (2); *Hutcheson Mfg. Co.* v. *Chandler,* 29 *Ga. App.* 726, 733, 116 S. E. 849), the court having allowed certain evidence offered by the defendant, without objection on the part of the plaintiff, showing that the plaintiff was not administrator at the time of making the affidavit, it was not improper that the evidence be considered, inasmuch as the counter-affidavit might have been amended to include such a plea. *Napier* v. *Strong,* 19 *Ga. App.* 401 (2) (91 S. E. 579); *Parker* v. *Salmons,* 113 *Ga.* 1167 (4) (39 S. E. 475).

4. Even conceding that it was error to adjudge that the affidavit was absolutely void and nonamendable (Civil Code of 1910, § 5690), the court was right, in any view, in refusing to allow the only amendment offered, by which it was sought to substitute the trust company as administrator in lieu of the original plaintiff, it conclusively appearing

that the plaintiff had assumed to proceed in such representative capacity *after her resignation had been accepted and another appointed in her stead.* "No amendment adding . . new and distinct parties shall be allowed unless expressly provided for by law." Civil Code (1910), § 5683; *Gill* v. *Tison,* 61 *Ga.* 161 (1); *Arnett* v. *Commissioners,* 75 *Ga.* 782 (1); *McWilliams* v. *Anderson,* 68 *Ga.* 772 (2).

(*a*) The plaintiff having no authority as administratrix at the time she made the affidavit in that purported capacity, the court did not err in not allowing her "to proceed in the name of the estate." *Newton* v. *Daniel Co.,* 14 *Ga. App.* 152 (1) (80 S. E. 509).

(*b*) Whether, irrespective of the plaintiff's actual right, the affidavit would have been amendable (*Hines* v. *Rutherford,* 67 *Ga.* 606; *Mitchell* v. *Masury,* 132 *Ga.* 360 (4), 64 S. E. 275), so as to allow her to proceed individually as the person who had rented the premises and to whom the defendants were obliged to attorn (see *New* v. *Quinn,* supra), she could not have proceeded upon such theory under the affidavit as framed, and, as indicated above, there was no offer to amend it so as to test her right to proceed as an individual. It does not appear that the plaintiff's attorney was denied opportunity to prepare and offer any amendment which he deemed proper. *Thomas* v. *Chattanooga Ry. & Light Co.,* 21 *Ga. App.* 172 (2) (94 S. E. 50); *Willingham* v. *Glover,* 28 *Ga. App.* 394 (1) (111 S. E. 206), and cases cited.

5. Under the above rulings disposing of all of the assignments of error as made, the court did not err in dismissing the proceeding. None of the assignments of error present for decision the question as to whether, under the facts of this case, payment of the rents alleged to be due could be enforced by one as administrator. See cases cited in paragraph 1 above.

DECIDED· NOVEMBER 13, 1924.

Distraint; from Campbell superior court—Judge Hutcheson. February 14, 1924.

*J. F. Golightly,* for plaintiff in error.

*L. S. Camp,* contra.

BELL, J. A distress warrant was issued upon an affidavit of which the following is a copy:

"Georgia, Campbell County: Personally appeared before me Mrs. Annie J. Roberts, administratrix for W. T. Roberts, who being duly sworn, says that J. C. Kite and C. C. Perkerson, doing business as Perkerson Bus Line, of said county and State, is indebted to the said W. T. Roberts' estate $120 for rent now due and unpaid.

"Sworn to and subscribed before me this 8th day of May, 1923.
　　　　　　　　　　　　　　　　　　　"Annie J. Roberts.

"H. S. McDaniel, N. P. & Ex. Off. J. P."

A counter-affidavit was filed, in which the defendant partnership admitted an indebtedness of a certain amount which they alleged

they "would gladly pay to any person who can give them the proper receipt for the same, but in no event will they pay the same to Mrs. Annie J. Roberts until they are shown that she is the administratrix of W. T. Roberts and has the right to collect the sum of rent."

One of the defendants, J. C. Kite, was sworn as a witness for the plaintiff, and testified: "I rented two store-rooms from Mrs. Annie J. Roberts on the first of October, 1922, at $25 per month and kept them until the first day of May, 1923, and paid her $50, and she was to do some repairing on one of the rooms and I did not pay her any more. The rent of the house would have been $150 if she had done the repairing, but the repairing she failed to do." Thereupon the attorney for the defendants introduced a record from the court of ordinary, showing that upon April 2, 1923, "on the petition of Mrs. Annie J. Roberts, the ordinary duly discharged her as administratrix of the estate of W. T. Roberts, and appointed in her stead the Lowry Bank & Trust Company of Georgia as administrator;" and moved to dismiss the distress warrant, upon the ground that Mrs. Roberts "had no right to make the affidavit and that the proceedings were void." In her petition for a discharge Mrs. Roberts alleged that she and her son and daughter were the only heirs of W. T. Roberts. The plaintiff's attorney "proposed to go on with the case," on the ground that Mrs. Roberts was the administratrix at the time the house was rented. He also moved to amend the affidavit so as to "let the distress warrant proceed in the name of the Lowry Bank & Trust Company of Georgia as administrator on the estate of W. T. Roberts." The court disallowed the amendment and dismissed the proceeding, and the plaintiff excepted. It is assigned that the court erred, (1) in not allowing the case to proceed in the name of the estate of W. T. Roberts; (2) in not allowing the plaintiff to amend the suit as proposed; and (3) in dismissing the proceeding solely on the ground that the proceeding was void and not amendable.

If the affidavit had alleged that the rents were due to the affiant, the words "administratrix," etc., should have been treated as descriptio personæ, and the proceeding, without more, should then have been construed as one by the affiant in her own behalf as an individual. But, considering the affidavit as a whole, and especially in view of the averment that the rents were due to the "estate," it is clear that the affiant intended to distrain in the representative

character of administratrix. The court properly held that she could not proceed in that capacity when it appeared that she had resigned her commission and another had been appointed in her stead before the affidavit was executed. It may be true that the affidavit could have been amended, under the Civil Code, § 5690, by striking the allegation that the rents were due the estate and averring them due the affiant; but no amendment of that sort was offered, and no opportunity to offer it was denied. Thus, it is unnecessary to decide whether such an amendment would have been allowable.

If Mrs. Roberts had been administratrix when she made the affidavit, and had subsequently resigned, her successor might have been substituted as a party in her stead, no other obstacle existing. But conceding (without deciding) that payment of the rents might be enforced by the administratrix, the allowance of the only amendment offered, by which it was sought to make the trust company as administrator a party, although the proceeding had been instituted by another as administrator who was not such at the time, would have added a new and distinct party; which is not permissible at law, in the absence of express provision therefor.

There was no error in dismissing the proceeding.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*