*N. L. Stapleton, Pottle & Hofmayer*, for defendant.

---

### 18020.  LEE, administrator, *v.* MOORE *et al.*

BELL, J. 1. "When one owning real estate dies, the title to the real estate passes to the heirs; and it is not the duty of the administrator, as such, to collect rents accruing after the death of the intestate; and if he does so, it is not in his capacity as administrator." *Hoyt* v. *Ware*, 156 *Ga.* 98 (6) (118 S. E. 734); *Roberts* v. *Kite*, 33 *Ga. App.* 91 (125 S. E. 719), and cases cited. An administrator can not interfere with the realty except to protect it or to take possession and sell it to pay debts and for distribution. "He is appointed for the purpose of collecting and taking care of the effects of the deceased. Civil Code (1910), § 3935. 'Effects' means personalty. Rents accruing after death are no part of the 'effects' of the deceased. Rents accruing and unpaid at the time of death would be." *Collins* v. *Henry*, 155 *Ga.* 886 (1), 889 (118 S. E. 729); *Autrey* v. *Autrey*, 94 *Ga.* 579 (20 S. E. 431).

2. The administrator, having no duty of renting the lands, was not liable for a failure to rent them. Hence the court erred in charging the

jury that the administrator was bound for the reasonable rental value of the lands for the period in controversy, viz., the years succeeding that in which the intestate died. *Cross* v. *Johnson*, 82 *Ga.* 67 (8 S. E. 56); Civil Code (1910), § 4012. Solely because of this error, the court should have granted a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 13, 1927.

Appeal; from Haralson superior court—Judge Irwin. December 20, 1926.

*J. S. Edwards,* for plaintiff in error. *Walter Matthews,* contra.