*Ben C. Williford,* for plaintiff. *C. C. Bunn,* for defendant.

PARIS, administrator, *v.* TREADAWAY, administrator.

No. 8293. OCTOBER 16, 1931.

640

*M. B. Eubanks,* for plaintiff in error. *Barry Wright,* contra.

HILL, J. W. J. Treadaway as administrator of the estate of Mrs. Elizabeth Paris, deceased, brought complaint for land and for mesne profits against Ben T. Paris as administrator of the estate of R. Paris, deceased. The defendant filed demurrers to the petition, which, after the petition was amended, were overruled. After introduction of evidence the judge directed a verdict for the plaintiff. A motion for new trial, on the general grounds, was overruled. The defendant excepted to this judgment, and to the ruling on demurrer.

The petition as amended alleged substantially the following: The plaintiff is the owner of and claims title, in behalf of his intestate, to a certain described lot of land in the town of Cave Spring, Floyd County. The defendant is in possession of the property, claiming title. The plaintiff claims title under a deed from J. M. Sims to Mrs. Elizabeth Paris, dated September 15, 1913, and recorded on September 16, 1913, a copy of the deed being attached to the petition as an exhibit. The plaintiff is the duly appointed and qualified administrator of the estate of Mrs. Elizabeth Paris, deceased. On his petition an order has been duly passed by the ordinary, authorizing and directing a sale of said land for payment of debts and distribution. Certain debts have been presented to plaintiff, which he believes are entitled to payment. There are no other assets from which payment can be made. There are certain heirs of his intestate, and a sale of the property is necessary for distribution. The defendant claims title as administrator of R. Paris, deceased, under a deed from J. M. Sims to R. Paris; J. M. Sims, therefore, being the common grantor under the following facts: Paris as administrator claims that the deed to plaintiff's intestate was made by mistake or accident, when it should have been made to his intestate; but said claim is without foundation in law or fact. No defendant is heir at law of plaintiff's intestate, nor does Paris in his representative capacity represent the heirs at law of plaintiff's intestate.

The answer of the defendants was merely a general denial of the material allegations of the petition, some of the allegations being admitted.

■ There was no error in overruling the demurrer to the petition as amended. A case between these same parties and involving the same property was before the Supreme Court on a former occasion. That suit was brought by Ben T. Paris as administrator of the estate of R. Paris, deceased, against W. J. Treadaway as administrator of the estate of Mrs. Mary E. Paris, widow of R. Paris, praying for reformation of the deed from J. M. Sims to Mrs. Elizabeth Paris, dated September 15, 1913. *Paris* v. *Treadaway*, 166 *Ga.* 138 (142 S. E. 693). This court held: "The petition failed to allege a cause of action for reformation of a deed, or for injunction." In the opinion it was said: "No fraud and no misplaced confidence is alleged. Civil Code (1910), § 4575. No mutual mistake is alleged. §§ 4578, 4579. No inability to read and no other sufficient reason is alleged as an excuse for ignorance of the facts, and for failure within a reasonable time to apply for equitable relief. §§ 4580, 4581."

■ It appears from the record that the property sued for was conveyed by a warranty deed from J. M. Sims to Mrs. Elizabeth Paris on September 15, 1913, which deed was recorded on September 16, 1913. R. Paris, and his wife, Elizabeth Paris, lived together on the property until his death, about 1916. Mrs. Paris died about 1917. She was the second wife, and left no child. Mr. Paris left children by his first wife. The second Mrs. Paris lived on the property until her death, and afterward some of the Paris children took possession of the property. They claimed to have discovered that Sims' deed was made to Mrs. Paris instead of to Mr. Paris, and they brought suit to reform it. The Supreme Court (166 *Ga.* 138) ruled that under the allegations of their petition the deed could not be reformed. Another branch of this litigation was before the Court of Appeals. *Kauffman* v. *Treadaway*, 40 *Ga. App.* 274 (149 S. E. 325). In that case Treadaway as administrator sued out a warrant to dispossess Kauffman as a tenant holding over; and the Court of Appeals held that this proceeding was not the proper remedy. After that decision the present suit was brought to recover the same land. The defendant denied ownership of the property by Mrs. Paris and the right of her administrator to recover mesne profits. The defendant neither admitted nor denied that the plaintiff had been appointed administrator, or that he had obtained an order for the sale of the

■

real estate to pay the debts of the decedent and for distribution. On the trial the letters of administration of the plaintiff were admitted without objection; so was the judgment of the court of ordinary directing the sale of the real estate for the purpose of paying the debts of the decedent and for distribution. The recorded deed from J. M. Sims to Mrs. Elizabeth Paris was offered in evidence. There was proof, without contradiction, that a demand was made on the defendant for possession of the property by the plaintiff on March 9, 1927, the day following the grant of letters of administration, and that this demand had been refused by the defendant. It was not denied that the rental value of the property was $10 per month. The main defense on the trial was based on the negative testimony of witnesses for the defendant, that they had never heard of Mrs. Paris claiming the property in controversy; and certain witnesses had heard Mr. R. Paris refer to the property as his own. Under the evidence the verdict for the plaintiff was demanded.

■ The Civil Code (1910), § 3933, provides: "Upon the appointment of an administrator the right to the possession of the whole estate is in him, and, so long as such administrator continues, the right to recover possession of the estate from third persons is solely in him. If there be no administration, or if the administrator appointed consents thereto, the heirs at law may take possession of the land or may sue therefor in their own right." Ben T. Paris as administrator of R. Paris is not an heir at law of Mrs. Elizabeth Paris. The Civil Code (1910), § 3934, provides that where suit is brought by the administrator against one of the heirs at law, it is necessary to show that the property has been in the possession of the administrator, or that it is necessary to sell said property for the purpose of paying debts or for distribution. Where such suit is brought by an administrator of a decedent *against a stranger,* for the recovery of land belonging to the intestate's estate, as in the present case, no proof is necessary, except that the property belonged to the administrator's intestate, and that it is being withheld from the administrator by the defendant. ·Of course an administrator can not sell property of his intestate which is held adversely. He must first recover possession of the property. Civil Code (1910), § 4033; *Smith* v. *Duhart,* 152 *Ga.* 554 (110 S. E. 301). The present suit is for the recovery of the

property in controversy as against the heirs of R. Paris, deceased. The plaintiff in error contends that an administrator, in a complaint for land or in an action of ejectment, can not recover mesne profits. In *Craddock* v. *Kelly*, 129 *Ga.* 819 (15) .(60 S. E. 193), it was held by this court: "In complaint for land mesne profits may be recovered by an administrator against an heir of the intestate claiming as a distributee of the estate, where the land has been wrongfully withheld by such heir from the administrator, when it was necessary for the administrator to have possession thereof for the purpose of *paying debts* and *making* proper *distribution* among all the heirs of the deceased." If, therefore, recovery of land can be had against an heir to whom the real estate of an intestate descends under the law, it seems that mesne profits may be recovered. See *Hammock* v. *Kemp*, 146 *Ga.* 681 (92 S. E. 57). Counsel for plaintiff in error cites a number of cases, among them *Hoyt* v. *Ware*, 156 *Ga.* 98, 102 (118 S. E. 734), to the effect that an administrator is not liable for the rents, and the inference is that he can not recover rents. Where one is holding adversely property belonging to an administrator's decedent, and the administrator has the right to bring suit to recover the property for the purpose of paying debts of the decedent and of making distribution, he is entitled to recover the property and rents, if the evidence authorizes it.

■ It is further insisted that the court erred in directing a verdict for the plaintiff, and that the value of the rent was a mere matter of opinion. The evidence showed without controversy that the property was worth $10 a month for rent, and that the plaintiff in error had been receiving the rent for the property.

■ It is contended that there was no delivery of the deed from J. M. Sims to Mrs. Elizabeth Paris, because of the fact that she was not shown to have seen the deed. But it is in evidence that the deed was executed on September 15, 1913, and was recorded on September 16, 1913; and it is well settled that the record of a deed is presumptive evidence of delivery. *Shelton* v. *Edenfield*, 148 *Ga.* 128 (96 S. E. 3). Even if the deed from J. M. Sims to Mrs. Elizabeth Paris was found, after its record, in the effects of Mr. Paris after his death, this fact alone would not overcome the presumption of law that the deed was delivered to Mrs. Paris.

644

We find no error in the rulings of the court, including the direction of the verdict. Civil Code (1910), § 5926. The judge did not err in refusing a new trial.

> Judgment affirmed. *All the Justices concur.*