ZEAGLER, administratrix, *et al. v.* ZEAGLER, administratrix, *et al.*

No. 13259. MAY 14, 1940.

R. Lee More and Paul T. Chance, for plaintiffs.

T. J. Evans, for defendants.

REID, Chief Justice. ▆ These headnotes require no elaboration.

▆ The case may be somewhat clarified by pointing out that, though the suit is not only against Mrs. Floy Zeagler individually and coheirs of the estate of Ira D. Zeagler, but also against her and her sureties as administratrix, it was in substance a suit brought by the representative and heirs of one tenant in common against his cotenants. Under the Code, § 113-901, on the death of Ira D. Zeagler his real estate vested immediately in his widow and minor children as his heirs at law, and was not subject to administration except for payment of debts or purposes of distribution, and his widow, as administratrix, did not exercise jurisdiction over it for these purposes. The crops and the rents belonged to the heirs, and not to the administratrix; and for her failure to collect them neither she in her representative capacity nor her sureties would have been liable to the heirs for them. Hoyt v. Ware, 156 Ga. 98 (118 S. E. 734); Roberts v. Kite, 33 Ga. App. 91 (125 S. E. 719); Ellis v. Geer, 36 Ga. App. 519 (137 S. E. 290); Lee v. Moore, 37 Ga. App. 279 (139 S. E. 922).

Upon the death of Ira D. Zeagler his wife and children occupied the property as cotenants (Code, § 85-1001), or, as the auditor found, just as the family of a deceased person ordinarily would. The auditor found, from the evidence submitted: "The real estate left by the said Ira D. Zeagler to his said widow and minor children consisted mainly of farm lands, and from the death of the said Ira D. Zeagler in 1917 until the death of Ralph Zeagler in 1934 these farm lands were used for the purpose of making a livelihood for said widow and minor children. . . There was no evidence of mismanagement on her [Mrs. Floy Zeagler's] part, nor of the misapplication of any of the rents, issues, and profits arising from said lands, but it appeared that the income from this prop-

erty was used for the maintenance, support, and education of said children impartially. There was some evidence to the effect that probably Ralph Zeagler received more than his proportionate part of the income from said lands during the period from 1917 to 1934. The evidence disclosed that since the death of Ralph Zeagler his widow has been in possession of a full proportionate part of said lands and farming the same for the benefit of herself and minor children." In denying the plaintiffs' claim for rents, he further found "that the real estate of Ira D. Zeagler, from the time of his death until now, has been held together and used for the common benefit of all the tenants in common. While there was not any evidence that accounts were kept, and each cotenant given an exact amount representing his or her proportionate part of the rents, it is apparent that they lived as the average family would under such circumstances, and used the rents, issues, and profits for the maintenance of the family as a whole; and this plan seems to have met with the approval of all the cotenants, for upon their arrival at majority none of them repudiated this plan and the use of the common funds in this manner. . . The fact that Mrs. Zeagler gave no bond as guardian of her minor children, nor kept a strict record of the amount each cotenant received, would not avail plaintiffs anything, unless they could show that their interests suffered and they were damaged by this neglect. I am therefore constrained to find against plaintiff's claim for rentals in any amount, since it appeared that Ralph Zeagler during his lifetime received his full share of said rents, and that since his death his widow for the benefit of herself and minor children has used at least one fourth of the lands, receiving the rents, issues, and profits therefrom, and it would be inequitable to give them any more than they have already received, as to do so would be discriminating against the other cotenants." There is no valid exception of fact to the auditor's findings. His findings disclose that, as between all of the tenants in common, they at least shared equally in the possession and use of the property. This was as it should be, under the Code, § 85-1003. Ralph reached majority in 1928; and though he lived until 1934, he, as noted by the auditor, made no complaint as to the manner in which the property had been and was being used.

The Code, § 85-1004, declares: "If one tenant in common receives more than his share of the rents and profits, he shall be

liable therefor as agent or bailee of the other cotenant, and in equity the claim for such indebtedness shall be superior to liens placed on his interest ·by the tenant in possession receiving the profits." The plaintiffs insist that though Ralph Zeagler and his family may have enjoyed his share of the property and income, the amounts so received by him can not be "set off" against a recovery by his administratrix. We know of no principle of law or equity that would permit the personal representative of a deceased cotenant to recover from the remaining cotenants the deceased's proportionate share of the rents and profits, where it appeared that he had in fact received such proportionate part. The principle of equity embodied in the Code section and the implications inhering therein dispose of this insistence. The plaintiffs rely strongly on *Vason* v. *Clanton,* 102 *Ga.* 540 (29 S. E. 456). There it was held that where in an equity proceeding for partition and accounting one of the cotenants attempted to charge the interest of a deceased cotenant, represented by his administrator, with debts due him by the deceased cotenant, it could not lawfully be done, as it would interfere with the due administration of the deceased cotenant's estate. The principle there announced would have been applicable if the auditor had allowed the defendants to charge against Ralph's part of the land any alleged excess of the rents, issues, and profits of the property received by him; but the auditor denied this claim. The principle of that case has no application where the administrator of a cotenant attempts to charge the other tenants in common with rents or profits from the land, and it appears that he has already received his just share of them. The plaintiffs say that the rule in the *Vason* case should apply, because Ralph's interest in the land and the rents therefrom were set apart as a year's support for them. We believe that the answer to this is that up to his death Ralph had already received all the rents and profits he was entitled to, and after his death the plaintiffs got them for their support. A widow and minor children are entitled to a year's support only out of assets belonging to the deceased; and a judgment setting apart a year's support does not, as a general rule, amount to an adjudication that the property set apart existed and was the property of the deceased. *Wood* v. *Brown,* 121 *Ga.* 471 (49 S. E. 295) ; *Dougherty-Little-Redwine Co.* v. *Hatcher,* 169 *Ga.* 858 (151 S. E. 796) ; *Smith* v. *Smith,* 101 *Ga.* 296 (28

S. E. 665). The auditor's report appears to be just, fair, and lawful, and the judge did not err in overruling the exceptions.

*Judgment affirmed. All the Justices concur.*