JONES *v.* WILSON, administrator, *et al.*

BELL, Presiding Justice. 1. "A receiver should not be appointed to take possession of property unless it is clearly made to appear that a receiver is required in order to protect the rights of those interested in the property." *Bird* v. *General Discount Corporation,* 194 *Ga.* 282 (2) (21 S. E. 2d, 651, 653). See Code, §§ 55-301, 55-303, 55-305; *Astin* v. *Carden,* 194 *Ga.* 758 (22 S. E. 2d, 481).

2. "The appointment of a receiver determines no right as between the parties, nor does it affect the title in any way. The purpose of a receivership is to preserve the property contested for pendente lite until the

final disposal of all questions, legal or equitable. . . No matter how strong the apparent equity of the complainant may be, if there is no necessity for a receivership, the courts will not change the status until final decree." *West* v. *Mercer*, 130 *Ga.* 357, 360 (60 S. E. 859).

3. Where an administrator is granted leave to sell the land of the estate for the purpose of paying debts and distribution, he may collect rents accruing afterwards, and he and his sureties may be held liable therefor on his bond. Whether the same would be true as to rents accruing after the intestate's death, but before the order granting leave to sell, it does not appear in this case that rents for any such period would be involved. Code, §§ 113-901, 113-908; *Autrey* v. *Autrey*, 94 *Ga.* 579 (20 S. E. 431); *Craddock* v. *Kelly*, 129 *Ga.* 818 (5) (60 S. E. 193); *Collins* v. *Henry*, 155 *Ga.* 886 (118 S. E. 729); *Hoyt* v. *Ware*, 156 *Ga.* 98 (6) (118 S. E. 734); *Paris* v. *Treadaway*, 173 *Ga.* 639 (2) (160 S. E. 797); *Zeagler* v. *Zeagler*, 190 *Ga.* 220 (3) (9 S. E. 2d, 263); *Wilcox* v. *Thomas*, 191 *Ga.* 319 (12 S. E. 2d, 343). In the circumstances, it is immaterial that the administrator may be personally insolvent. Compare *Elam* v. *Elam*, 72 *Ga.* 162.

4. Under the preceding rulings as applied to the pleadings and the evidence, the judge did not abuse his discretion in refusing to appoint a receiver; and this is true regardless of other questions argued.

*Judgment affirmed. All the Justices concur.*

No. 14391. January 14, 1943.

314

*H. A. Allen, Mildred Kingloff,* and *Robert B. Blackburn,* for plaintiff. *Mitchell & Mitchell,* for defendants.