1. "A receiver should not be appointed to take possession of property unless it is clearly made to appear that a receiver is required in order to protect the rights of those interested in the property." Bird v. General Discount Corporation, 194 Ga. 282 (2) (2 S.E.2d 651, 653). See Code, §§ 55-301, 55-303, 55-305; Astin v. Carden, 194 Ga. 758
(22 S.E.2d 481).
2. "The appointment of a receiver determines no right as between the parties, nor does it affect the title in any way. The purpose of a receivership is to preserve the property contested for pendente lite until the *Page 311 
final disposal of all questions, legal or equitable. . . No matter how strong the apparent equity of the complainant may be, if there is no necessity for a receivership, the courts will not change the status until final decree." West v. Mercer, 130 Ga. 357, 360 (60 S.E. 859).
3. Where an administrator is granted leave to sell the land of the estate for the purpose of paying debts and distribution, he may collect rents accruing afterwards, and he and his sureties may be held liable therefor on his bond. Whether the same would be true as to rents accruing after the intestate's death, but before the order granting leave to sell, it does not appear in this case that rents for any such period would be involved. Code, §§ 113-901, 113-908; Autrey v. Autrey, 94 Ga. 579 (20 S.E. 431); Craddock v. Kelly, 129 Ga. 818
(5) (60 S.E. 193); Collins v. Henry, 155 Ga. 886
(118 S.E. 729); Hoyt v. Ware, 156 Ga. 98 (6) (118 S.E. 734); Paris v. Treadaway, 173 Ga. 639 (2) (160 S.E. 797); Zeagler v. Zeagler, 190 Ga. 220 (3) (9 S.E.2d 263); Wilcox v. Thomas, 191 Ga. 319 (12 S.E.2d 343). In the circumstances, it is immaterial that the administrator may be personally insolvent. Compare Elam v. Elam, 72 Ga. 162.
4. Under the preceding rulings as applied to the pleadings and the evidence, the judge did not abuse his discretion in refusing to appoint a receiver; and this is true regardless of other questions argued.
Judgment affirmed. All the Justicesconcur.
 No. 14391. JANUARY 14, 1943.
The bill of exceptions complains only of the refusal to appoint a receiver, on a petition for this and other relief.
Bill Jones filed a suit against Mrs. Missouri Irish and William J. Wilson Jr., individually and as administrator, making, among others, substantially the following allegations:
The plaintiff Jones is the surviving common-law husband and sole heir at law of Maggie Petty, deceased, she having died intestate, leaving a valuable estate consisting in part of described tracts of land.
The plaintiff and the deceased, Maggy Petty or Maggie Petty Jones, "were each of African descent."
Shortly after her death the plaintiff, as her sole heir at law, selected and requested L. C. Cenker to act as her administrator, and he applied for letters accordingly. To this application Mrs. Missouri Irish filed a caveat, asserting that Cenker had not been selected by the proper person, in that the caveator was the sole heir at law, and had selected William J. Wilson Jr., who applied to the same court for letters of administration.
Thereafter, while the application of Cenker and the caveat were *Page 312 
still pending, Wilson obtained from the court of ordinary an order appointing him as administrator, and gave bond in the sum of $8000. In alleging that he had been selected by the sole heir, he practiced a fraud on petitioner and upon the court of ordinary, petitioner and not Mrs. Irish being the sole heir at law. Mrs. Irish is a person of Caucasian race and not a person of African descent, and for this reason, she could not in law be an heir of the intestate, who, as alleged above, was a person of African descent.
The defendant Wilson has applied as administrator for leave to sell the land of the estate, and such leave has been granted.
The decedent left sufficient funds to pay her debts; and unless Wilson as such administrator is enjoined from selling the property of the estate, irreparable damage will be suffered by petitioner. The estate is of the reasonable value of $10,000, more than twice the amount stated by Wilson in his application for letters of administration. Wilson is insolvent, and unable to respond for waste and mismanagement.
The whole proceeding under which Wilson obtained his appointment at the request of Mrs. Irish was and is an effort to deprive petitioner of his property and to secure the estate for Mrs. Irish, in fraud of petitioner's rights, the entire estate having vested in him as the husband and sole heir at law under the law of descent. He has no adequate remedy at law, and unless equity intervenes, he will suffer irreparable damage and a multiplicity of suits will ensue.
The petition contained the following prayers: That the plaintiff be decreed the husband and sole heir at law of Maggie Petty, that the letters of Wilson as administrator be revoked, and that he be required to account for such properties as have come into his hands, "including the rents and emoluments flowing from the use of the same," that he and Mrs. Irish each be enjoined from interfering with the custody and control of any of the properties mentioned, and "from proceeding with the sale of the properties of Maggie Petty;" for appointment of a receiver; and for judgment against Wilson and his sureties.
The defendants answered, denying that the plaintiff was the common-law husband and sole heir at law of the deceased, and alleging that Mrs. Irish was the sole heir. They alleged that "Maggie Petty was only partly of African descent; that the proportion *Page 313 
of African blood in her descent was so little that it was difficult to recognize its existence." They contended that Mrs. Irish was related by blood as a first cousin of Maggie Petty, and that under other facts alleged she would be entitled to the estate under the laws of inheritance relating to estates of bastards, denying the plaintiff's conclusion as to the impossibility of inheritable relationship in such case. As to insolvency, they "say that while said Wilson is not a man of wealth, his credit is good, and that he has provided security in the form of a solvent bond in the sum of eight thousand dollars, on which National Surety Corporation is surety, and said company is amply able to respond to petitioner for any waste or mismanagement on the part of said administrator. They say, however, that there has been no such waste or mismanagement, and that there will be none such." Other allegations were as follows: "While said administrator has been granted the right to sell the real estate, as a matter of fact it is not his intention to sell the same, but it is his intention to hold it until the rents are sufficient to defray all debts, funeral expenses, and other expenses of administration; after which it is his purpose to surrender said property to the said Mrs. Irish, who is the sole heir at law of said deceased." "There is no necessity whatever for the appointment of a receiver for said estate; said Wilson is the administrator thereof, under bond, and is actually protecting said estate; and there is not the slightest danger of any loss on the part of any one interested therein."
At interlocutory hearing, the plaintiff, "after reading the pleadings," introduced a number of affidavits in support of his allegation that he was the common-law husband and sole heir at law of the intestate.
"After said affidavits had been introduced," the judge passed the following order, granting an interlocutory injunction, but refusing to appoint a receiver: "This case having been heard on interlocutory hearing, after hearing argument and affidavits on behalf of the petitioner, it is hereby ordered that the application for receiver be and the same is hereby denied, and especially in view of the fact that it is not alleged by the petitioner, or shown by the evidence, that he had no knowledge of the pendency of the application of defendant Wilson for appointment as administrator. It is further ordered that the defendant Wilson be and he is hereby *Page 314 
temporarily enjoined from selling or otherwise disposing of any of the property of Maggie Petty's estate until further order of this court; and that he expend no money belonging to the estate except for taxes and insurance, except by order of this court, until further order of this court." To this judgment the plaintiff excepted.