No. 66.—ADOLPHUS D. KENDRICK and MILES L. GREEN, executors of James A. Everett, deceased, plaintiffs in error, *vs.* HENRY H. WHITFIELD, administrator of Elizabeth Whitfield, deceased, defendant.

[1.] Where a bill is filed to let in an equitable defence to an action at Law: _Held_, 1st, that Chancery has jurisdiction in the county where the Common Law action is pending. 2d. That the Amendment Act of 1853–'4 does not authorize the order of pleading to be reversed so as to admit a dilatory plea to be filed, and after the defendant has pleaded to the merits. 3d. That where the want of jurisdiction over the person is apparent upon the face of the bill, it should be taken advantage of by demurrer, and the objection comes too late after answer, and on the final hearing upon the appeal.

In Equity, in Houston. Decided by Judge POWERS, April Term, 1856.

. Henry H. Whitfield, as the administrator of Elizabeth Whitfield, deceased, brought his action of complaint against Adolphus D. Kendrick and Miles L. Green for the recovery of certain slaves, as the property of plaintiffs' intestate. To this action, pleas of the general issue and the Statute of Limitations were pleaded.

There had been one trial—a verdict for plaintiffs and an appeal by defendant.

Pending this appeal, the defendants, as the executors of James A. Everett, deceased, filed a bill against the plaintiff, (who then resided in Pulaski County,) returnable to the Superior Court of Houston County; the object of which bill was, to prevent a final judgment against them at Common Law, by setting up certain *equitable circumstances* by way of defence, and in support of their plea of the "statutory bar" to said Common Law action.

In conformity to the prayer for injunction, the bill was sanctioned and the action at Law enjoined.

To this bill, an answer by the defendant was regularly filed in Court, and the cause set down for trial for April Term, 1856.

During said April Term, this equity cause came on to be tried, when Counsel for complainants submitted the bill, and answer, and proof to the Jury; the defendant offered no evidence; and at the close of the argument before the Jury, Counsel for defendant moved the Court to dismiss the bill, so far as the *relief* prayed for was concerned, on the ground that the Court had no jurisdiction to grant such relief, because the plaintiff at law and defendant in the bill was, at the time of suing at Law, and of filing the bill, a resident of the County of Pulaski. Counsel for complainants resisted this motion, because no demurrer or plea to the jurisdiction had been filed, and the motion came too late; and also, because the Court had jurisdiction, said bill having been filed simply to aid defendants in their defence to the said Common Law action.

The Court sustained the motion, and passed an order dismissing said bill for want of jurisdiction. Complainants excepted and assign this decision as error.

JAMES S. SCARBOROUGH and GEORGE R. HUNTER, for plaintiffs in error.

S. T. BAILEY, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Did the Superior Court of Houston County have jurisdiction? We are clear that it did.

The bill is filed to aid the defence to the action of trover. It seeks to set up an equitable bar to defeat the plaintiffs' recovery. Neither the case of *Jordan & Jordan and Carter* nor any other decided by this Court conflicts with this opinion.

In that case, the defendant at Law proposed not only to prevent a judgment on the note sued in Troup County, where the defendant resided; but the bill charged the plaintiff at Law and his confederate with having cheated her intestate out of some $75.000 by their fraudulent appropriation of his property, and prayed an account of this whole matter. This Court enforcing the rule of the Constitution, that defendants in equity must be sued in the county of their residence, when it could be done, sustained the plea to the jurisdiction of Troup Court, as to the alleged fraud.

But no decree is sought against the defendant in this case, except that he shall be perpetually enjoined from recovering the negroes for which he has sued for, the very judgment that would be rendered at Law, provided the defence could be made available in that forum. In other words, the bill is not aggressive, but strictly defensive.

In Houston County, Everett and his representatives have been in the peaceable possession of these negroes for near thirty years. It is attempted to recover them from them. Where should the title or "the cause" be tried, in the language of the Constitution? Would not reason say, in Houston County? The executors of Everett are not pursuing the Whitfields, but the Whitfields them. The executors are defending, and consequently, are entitled to have their rights passed upon and the defences set up, whether legal or equitable, at home.

Suppose the Legislature were, by four lines, to authorize

a Common Law Jury to decree so as to meet out adequate relief according to the exigences of the case, as should have been done long ago: Equity and Law would be fused, the partition wall which was so long separated would be completely broken down. In that event, Everett could make his equitable defence available at law; and it would never occur to any one, that he would have to follow the Whitfields to Pulaski. Indeed, it is not entirely certain that the equitable bar which is here set up would not be good at Law. True, the Act of 1820 only allows *plaintiffs* to sue at Law, whenever they conceive they can get along at Law. Why not allow defendants to set up an equitable defence, such as the lapse of time, &c. at Law? Is it a violent or forced construction of the law?

But whether this be so or not, it serves to illustrate the wrong and injustice of driving the Everetts into another county to make out their defence to the action of trover, in Houston.

Were it necessary to sustain the jurisdiction in this case, we would not hesitate to re-affirm the several adjudications heretofore made by this Court, to the effect, that the want of jurisdiction, as it is alleged, appearing on the face of the bill, the defendant should have taken advantage of it by demurrer. And that having submitted to answer the bill, the objection comes too late.

Nor does the Act of 1853–'4, allowing either party to amend at any stage of the proceeding, cure this omission. This Statute can, as it has done, at the hands of this Court, receive the broadest and most beneficial interpretation without reversing and confounding the whole order of pleading and involving the absurdity of permitting a party upon the appeal, after he has pleaded to the merits of a cause, to plead in abatement of the action for want of jurisdiction over the person. The Legislature never intended to sanction such an anomaly.

The party may amend at any time and in all respects, by striking out or adding such matter as is suitable to the plead-

ings, at the stage of the cause when the amendment is offered.