ROBERT E. DIXON, adm'r &c., plaintiff in error, vs. ADOLPHUS
S. RUTHERFORD, defendant in error.

An order authorizing the sale of property by a receiver, to raise money to pay
taxes or for any other purpose, should specify the property to be sold; and
should be founded upon satisfactory proof as to the necessity of such sale.

At the May Term, 1858, of the Superior Court of Musco-
gee county, Adolphus S. Rutherford as receiver of certain
property belonging to the estate of Daniel McDougald, de-
ceased, moved the Court on petition, for leave to sell some of
the property of said estate, for the purpose of paying taxes
on lands of said estate, in the States of Alabama, Mississip-
pi and Arkansas. William Dougherty as the attorney of
said receiver, stating that said Receiver had no funds in
hand; that taxes were due on said lands, in said States, and
that a portion of said lands had been sold to pay the taxes;
and that the receiver had paid five or six hundred dollars of
his own funds to redeem said lands, which were again about
to be sold for taxes; and that a sale of said property was
necessary; which said statements were not denied or contro-
verted. Robert E. Dixon, as administrator of Daniel Mc-
Dougald, objected to the granting of said order; and there-
upon the Court after consideration, directed that the receiver
have leave to sell a portion of the property placed in his
charge as receiver, in the city of Columbus, after advertising
the same in some public gazette, sixty days, to raise a suffi-
cient amount of money, to refund the amount heretofore ad-
vanced by said receiver for the protection of said property;
and an amount sufficient to prevent any further sale of sadi
property for taxes. To the granting of which order, the
said Dixon as administrator, &c., then and there excepted.

JONES & JONES; WELLBORN, JOHNSON and SLOAN, for
plaintiff in error.

WM. DOUGHERTY, contra.

*By the Court.*—LUMPKIN, J. delivering the opinion.

There are two objections to the order granted by the Court, in this case:

First: It is too vague and general. It specifies no parti- cular property which is to be sold for the purpose of raising money to pay taxes. Under this indefinite authority, the re- ceiver might sacrifice the most valuable real estate in the city of. Columbus, to raise funds to pay taxes upon other real estate in Arkansas and elsewhere. The money had best be obtained otherwise, if possible. And if property must be sold for this purpose, let it be designated in the order.

Our second objection to the order is, that it is not founded upon sufficient proof. The receiver makes the application upon the bare statement of the complainant in the creditor's bill, and who is the solicitor of the receiver in the prosecu- tion of the suit.

We hold that the evidence is too uncertain and unsatisfac- tory to warrant the order. It is set out in the bill of excep- tions, that the statement upon which the order was granted, was not controverted or denied. Dixon as administrator of McDougald, was present resisting the order. And the *onus* was upon the party applying, to show by competent testimo- ny, the necessity for passing the order.

Judgment reversed.