## COKER *v.* TAYLOR.

No. 7249. DECEMBER 12, 1929.

*H. L. Lanham,* for plaintiff.
*Wright, Wright & Covington,* for defendant.

BECK, P. J. W. H. Coker sued out an attachment on May 31, 1928, against Mrs. Clemmie King Taylor, based on an alleged indebtedness of $528.09. The alleged ground of the attachment was that defendant was a non-resident of the State. The attachment was made returnable to the July term, 1928, of Floyd superior court and was levied by the service of a summons of garnishment on John M. Graham. At the return term the plaintiff filed his declaration in attachment, in which he sets up no indebtedness due him by the defendant, but alleges that T. J. King, the father of defendant, is indebted to him in a certain sum; that this debt is in judgment,

etc.; claiming nowhere that defendant is indebted to him as surety or otherwise on the alleged indebtedness due by T. J. King. Plaintiff alleges further in his declaration, that T. J. King, while indebted to him, made a conveyance of certain property to defendant and her two brothers; that the two brothers conveyed their interest in the property to defendant, and defendant has sold the same and the proceeds therefrom are in the hands of the National City Bank of Rome; that subsequently to the conveyance by T. J. King the plaintiff's claim was reduced to judgment against T. J. King; and that the conveyance from T. J. King to defendant and her brothers was void, as it was made for the purpose of hindering, delaying, and defrauding the creditors of King.

Within the time provided by law the defendant made her special appearance for the sole purpose of pleading to the jurisdiction of the court. She sets up that the record discloses that she is not indebted to plaintiff in any sum; that notwithstanding the affidavit made as the basis of the attachment because of an indebtedness due by defendant to plaintiff, the plaintiff's declaration discloses that defendant is not indebted to plaintiff, and the cause of action alleged against defendant in the declaration is not based on the alleged indebtedness in the attachment affidavit. She insisted further that the record showed on its face that the court had not acquired jurisdiction of her and the purported cause of action alleged in plaintiff's declaration, as she had not been served in the case, had not pleaded thereto, and had not done any other thing or act that would constitute a general appearance so as to give jurisdiction to the court for the purpose of proceeding with the action as set forth in the declaration in attachment. Defendant pleaded further that no declaration in attachment, based on the alleged indebtedness set forth in the attachment proceeding, had been filed, and therefore the proceeding should be dismissed. When the case came on for hearing, the plaintiff offered an amendment, praying that T. J. King and the brothers of the defendant be made parties. The court disallowed this amendment and dismissed the case; and the plaintiff excepted.

The defendant contended that the court never acquired such jurisdiction of her or any of her property as would be the basis for the granting of the relief prayed for. The debt alleged in the plaintiff's affidavit as being the basis for the attachment proceed-

ing is not the debt of the defendant, as appears from a reading of the declaration in attachment. The right to the process of attachment is given to creditors under circumstances enumerated in the statute; and where one as a creditor seeks an attachment against another upon the ground that he has a debt against the latter, and where he files pleadings himself in the court showing that he has no claim of debt against the alleged debtor, he can not maintain the attachment proceeding. In the present case the affidavit for the attachment is as follows: "W. H. Coker comes before the undersigned, and on oath saith that Mrs. Clemmie King Taylor is justly indebted to W. H. Coker in the sum of five hundred twenty-eight and 09/100 dollars, and that the said Mrs. Clemmie King Taylor resides out of the State." This is the regular affidavit to be made by a creditor who seeks an attachment against an alleged debtor, and is made under the provisions of § 5055(1) of the Civil Code, which provides that attachments may issue "when the debtor resides out of the State." The mere fact of non-residence subjects the party alleged to be a debtor to an attachment for his own debts, under the Code. The plaintiff's right to an attachment depended upon the existence of the relationship of creditor and debtor and of non-residence of the latter; and when the plaintiff filed his declaration in attachment and by that declaration destroyed one of the essential elements of his right to an attachment, he took his case out of court. Under the allegations in the declaration in attachment T. J. King, the father of the defendant, is indebted to the plaintiff in a named sum; but the defendant herself is not indebted to him in any sum, as principal, surety, or otherwise, on the alleged indebtedness due by T. J. King. It is true that plaintiff alleges in his declaration that T. J. King, while indebted to him, made a conveyance of certain property to defendant and her two brothers; that the two brothers conveyed their interest in this property to defendant, and defendant sold the same; and that the proceeds therefrom were in the hands of the National City Bank of Rome; and he prayed that a receiver be appointed to take charge of the fund in the hands of that bank, belonging to defendant, and that the same be impressed with a trust for the payment of plaintiff's debt against T. J. King. But it does not appear that the bank was ever made a party to this purported equitable proceeding. It is true that John M. Graham, as an individual, when a summons of garnishment was

served upon him based on the attachment, admitted a certain sum due by him to the defendant; but this record fails to disclose that this fund had any connection with any of the funds arising from the sale of the property, and there is no prayer in the declaration that the fund in Graham's hands be impounded and impressed with a trust for the payment of plaintiff's debt against King. In view of these facts, the insistence of the defendant in attachment, that no jurisdiction of her or her property was shown, was sound.

The allegations in the declaration of the plaintiff's right to an equitable attachment in nowise take the place of a showing in the declaration that the defendant was the debtor of the plaintiff. By amendment, the plaintiff sought to make T. J. King, Carl King, and J. S. King parties to the action. The amendment was objected to upon the ground that it sought to add new and distinct parties, and this objection was sustained and the amendment was refused. Whether in any case of a statutory attachment, such as appears in the present case, new and distinct parties may be added, we do not now decide; but we are of the opinion that these new parties, under the facts alleged, could not be added so as to give the court jurisdiction of the original defendant. In *Tennessee Fertilizer Co.* v. *Hand,* 147 *Ga.* 588 (95 S. E. 81), it was said: "The remedy which the law gives for the enforcement of a right does not necessarily embrace a right on the part of the complaining party to choose his own forum in which to litigate his cause. The defendant also is interested in the question of the jurisdiction in which an alleged right is to be urged against him, and is entitled to have the controversy adjudicated in a venue which the law provides for. The venue of suits in this State, legal and equitable, is controlled by constitutional and statutory provisions. The mere fact that there is property belonging to a defendant within its territorial jurisdiction does not authorize a court of equity to seize it, the plaintiff having no lien thereon or present interest therein; and its seizure under such circumstances will not confer upon the court a jurisdiction it did not already possess. To the contention that it may be seized under an equitable attachment, analogous or equivalent to an attachment at law, the reply is that there is no provision in our law for the issuance of an equitable attachment. The writ of attachment is purely a creature of statute, and is confined to common-law actions. See Bucyrus Co. *v.* McArthur, 219 Fed. 266; Ayers *v.*

Graham Steamship Co., 115 Ill. App. 137 (2), 142; McPherson *v.* Snowdon, 19 Md. 197; Phillips *v.* Ash's Heirs, 63 Ala. 414, 418. There is no statute in this State giving to a court of equity power to issue attachment as in cases at law." See also *Howes* v. *Patterson,* 76 *Ga.* 689.

It follows that the court properly dismissed the case.

*Judgment affirmed. All the Justices concur.*