REID *et al.* *v.* GORDON.

*Spalding, MacDougald & Sibley* and *Sumter M. Kelley,* for plaintiffs in error.

*Sims & Berman,* contra.

HINES, J. R. A. Gordon filed his petition against M. W. Reid, N. Acklin, and Mrs. M. N. Reid, for contribution and accounting from M. W. Reid, and for cancellation of a deed made by Reid to Acklin, and a deed from the latter to Mrs. M. N. Reid, the wife of M. W. Reid, to a half undivided interest in described real estate formerly owned by the husband, of the value of $100,000. The claim of Gordon for contribution arises from this state of facts: Gordon and Reid indorsed three notes, amounting to $30,000, given by the American Furniture & Carpet Company to the Fourth National Bank of Atlanta. This company became bankrupt. The bank appropriated to the payment of said notes money of Gordon on deposit with it, amounting to $12,601.78. On January 5, 1919, Reid and the bank induced Gordon to pay an additional sum on said notes, amounting to $12,657.50. Reid agreed to pay Gordon one half of said amounts, which represented the amount for which Reid was liable as indorser on said notes. The claim of Gordon for accounting arises from this state of facts. Gordon and Reid were partners doing business under the names of Reid & Gordon and Reid-Gordon Company; and they had been conducting such business for a number of years. In 1924 the partnership conducted land deals in Miami, Florida. Funds arising from such transactions were deposited in the name of Reid & Gordon in two banks of Miami. No accounting has ever been made of the partnership business and assets. Reid handled most of the finances of the partnership and looked after its banking business. About April, 1911, Reid sold their furniture business in Atlanta. Said business brought approximately $40,000, which was deposited in the Fourth National Bank to the credit of Reid-Gordon Company. Reid withdrew this money from that bank for his own use, without the knowledge or consent of Gordon, and he has not replaced it or paid to petitioner any portion thereof, and he fails and refuses, on demand, to account to petitioner for any portion thereof. Reid, in addition to being indebted to petitioner in the sum of $12,629.64 for his half of the amount paid to said bank on said notes, is also

indebted to petitioner for his half interest in the partnership business and assets. Gordon seeks to have Reid account to him for one half of the assets of the partnership, with interest thereon. Gordon seeks to have the deeds from Reid to Acklin and from the latter to the wife of Reid canceled upon the ground that they were made to hinder and defraud him in the collection of the above claims against Reid. The consideration named in each of said deeds is $10.

The defendants are all non-residents of this State. Service on the defendants was effected by publication. Gordon prayed that he have judgment for the amounts due by Reid to him, which was not to be a personal judgment, but to be collected only out of said real estate and the rents thereof; that a receiver be appointed to take charge of Reid's interest in said real estate and to collect one half of the rents therefrom; and that he have such other and further relief as the facts of the case may demand. The court appointed a receiver. The defendants, without submitting to the jurisdiction of the court, but expressly denying such jurisdiction of them and the subject-matter of the suit, and before entering any general appearance or general defense to the petition, appeared and moved to dismiss the petition for the reason that it shows on its face that the court has no jurisdiction of the persons of the defendants or of the subject-matter of the suit. The, judge overruled this motion, and the defendants excepted.

The question for decision is whether or not a court of equity will by a receiver seize and administer real estate within this State, owned by a non-resident debtor, at the instance of a resident creditor, order the same sold, and apply the proceeds thereof to the payment of the claim of the creditor, where the latter has no lien on, title to, or interest in such property, and where the non-resident debtor can not be served personally with process, and is served only by publication. It is well settled by the decisions of this court, that, as a general rule, a non-resident, upon whom personal service of the process of the courts of the State can not be made, can not be bound by a personal judgment based on constructive service. This principle was first land down in *Dearing* v. *Bank of Charleston,* 5 *Ga.* 497 (48 Am. D. 300), where it was held that a judgment in personam can not be rendered against a non-resident defendant in a case where he does not appear, although

served by publication, and that a judgment so rendered is a nullity. The ruling in that case has been followed in many subsequent cases. *Adams* v. *Lamar,* 8 *Ga.* 83; *King* v. *Sullivan,* 93 *Ga.* 621 (20 S. E. 76); *Stallings* v. *Stallings,* 127 *Ga.* 464 (56 S. E. 469, 9 L. R. A. (N. S.) 593); *Hood* v. *Hood,* 130 *Ga.* 610 (61 S. E. 471, 19 L. R. A. (N. S.) 193, 14 Ann. Cas. 359). But if the non-resident defendant has property in this State which is subject to seizure for his obligations to a resident plaintiff, the courts of this State will, in a proper case and upon proper pleadings, seize the property and administer it for the benefit of the plaintiff. *Beall* v. *Stokes,* 95 *Ga.* 357 (22 S. E. 637); *Hood* v. *Hood,* supra; *Forrester* v. *Forrester,* 155 *Ga.* 722 (2) (118 S. E. 373, 29 A. L. R. 1363); *Donalson* v. *Bridges,* 162 *Ga.* 502 (134 S. E. 302); *Faughnan* v. *Bashlor,* 163 *Ga.* 525 (136 S. E. 545); *Jackson* v. *Jackson,* 164 *Ga.* 115 (137 S. E. 827); *Edwards Manufacturing Co.* v. *Hood,* 167 *Ga.* 144 (3) (145 S. E. 87); *Watters* v. *Southern Brighton Mills,* 168 *Ga.* 15, 28 (147 S. E. 87). This ruling is in consonance with the rulings in other jurisdictions. See cases cited in note in 29 A. L. R. 1381.

But it is urged that the decisions cited above were rendered in proceedings in which property of non-resident husbands, located in this State, was seized to be sold to furnish alimony to their wives who resided in this State. We can see no good reason why the principle announced in these cases is not applicable between creditors residing in this State and debtors residing beyond its limits, who have property located within this State, where the remedy by attachment is not as full and complete as that afforded by a court of equity. In *Forrester* v. *Forrester,* supra, a majority of this court held that "Where a creditor without judgment or other lien holds a debt against an insolvent non-resident debtor who owns land within the jurisdiction of the court, which he has encumbered by a security deed, and where the creditor, from insolvency or inability, is unable to redeem the lands embraced in such deed by paying the principal of such debt and the interest thereon to maturity, as is required by our statute in order to have the same levied upon by attachment, such creditor can apply to the superior court of the county in which such lands are situated, to have the same seized by a receiver appointed by the court, for the purpose of satisfying the creditor's debt; and the seizure of the res

gives the court jurisdiction of the subject-matter. As to property within the jurisdiction of the court personal service is not required. Jurisdiction of the res is obtained by a seizure under process of the court, whereby it is held to abide such orders as the court may take concerning it." But counsel for the defendants contend that it seems to be well established by the decisions of this court that there is no equitable attachment in this State; and they call our attention to the decisions in *Tennessee Fertilizer Co.* v. *Hand,* 147 *Ga.* 588 (95 S. E. 81), and *Coker* v. *Taylor,* 169 *Ga.* 556 (150 S. E. 820). It is true that it was stated in those decisions that there is no provision in our law for the issuance of an equitable attachment. This question was not raised and was not involved in these cases. In the first of them the prayer was for a judgment in personam against the foreign corporation for the use of the stockholders of the domestic corporation. Besides, Justices Atkinson and Gilbert dissented from the holding of the majority that the court below was without jurisdiction to entertain the suit. In the latter case an attachment at law was issued and defended; and this court by unanimous opinion held that the attachment should have been dismissed for want of jurisdiction, as the defendant therein was not a debtor of the plaintiff. The question whether a court of equity could seize property of a non-resident defendant in a proceeding in the nature of an equitable attachment was not involved, and what was said upon that subject was wholly obiter dictum. In *Molyneux* v. *Seymour,* 30 *Ga.* 440 (76 Am. D. 662), it was held that although a non-resident comes not within the territorial limits of a State, still if he owns property there, that will give the court jurisdiction. In Pennington *v.* Fourth National Bank, 243 U. S. 269 (37 Sup. Ct. 282, 61 L. ed. 713, L. R. A. 1917F, 1159), it was held that the grant of an injunction, restraining the bank from disposing of deposits of a non-resident of the State in which the suit was pending, was as effective a seizure of these deposits as the customary garnishment would be. It was said: "Such equitable process is frequently resorted to in order to reach and apply property which can not be attached at law." An injunction issued against a resident debtor of a non-resident defendant is a sufficient seizure of the defendant's property to give jurisdiction. Bragg *v.* Gaynor, 85 Wis. 468 (55 N. W. 919, 21 L. R. A. 161). If injunction is a sufficient seizure of the non-resi-

dent's property to give the court jurisdiction, certainly where the court appoints a receiver who takes charge of such property, such action will give the court jurisdiction of the non-resident defendant. So we are of the opinion that when the superior court appointed a receiver and took charge of the real estate of the non-resident defendant, Reid, the same being within its jurisdiction, that court acquired such jurisdiction of the property and of the defendant as would authorize it to administer this property for the payment of any indebtedness of this defendant to the plaintiff in this case, unless for some other reason the court should not exercise such jurisdiction.

But it is insisted that "Creditors without lien can not, as a general rule, enjoin their debtors from disposing of property, nor obtain injunction or other extraordinary relief in equity." Civil Code (1910), § 5495. There are exceptions to this general rule. In this case the debtor was a non-resident, and, according to the allegations of the petition, had fraudulently conveyed his property to another who conveyed it to his wife for the purpose of defrauding the plaintiff. The wife had already partly encumbered this valuable property, and could sell and dispose of it or further encumber it, and thus defeat the plaintiff in the collection of his claims. Such circumstances take the case out of the general rule laid down in the above section of the code. It may be further contended that equity will not take cognizance of a plain legal right, where an adequate and complete remedy is furnished at law. Civil Code (1910), § 4538. It may be said that the law which permits attachments against non-residents and against debtors who make fraudulent conveyances of their property to defeat their creditors furnished the plaintiff a complete and adequate remedy at law. In this case the plaintiff is seeking a judgment against the property of the main defendant and to subject the same to the payment of his claims. He is also seeking to have certain conveyances of this property canceled and set aside, as fraudulent and made for the purpose of hindering and defrauding him in the collection of his claims. He is further seeking to have an accounting from the main defendant for partnership funds used by him. He is likewise seeking a decree dissolving the partnership between him and the main defendant. These ends are incidental to the main purpose of subjecting this property to the payment of the claims of the

plaintiff. These rights can not all be enforced by the legal remedy of attachment. Equity alone can give to the plaintiff full, adequate, and complete relief. For this reason the legal remedy of attachment is not sufficient.

Applying the principles above stated, the trial judge did not err in overruling the motion to dismiss the petition in this case for lack of jurisdiction.

*Judgment affirmed. All the Justices concur, except Beck, P. J., and Hill, J., who dissent, and Gilbert, J., absent.*