LEVITSKY *et al. v.* TURK *et al.*

No. 11070.  JULY 10, 1936.

*Louis H. Foster,* for plaintiffs in error.

*James E. Jackson* and *M. Herzberg,* contra.

ATKINSON, Justice.  Morris Froehlich filed a petition against L. W. Turk and James I. Lowry, sheriff of Fulton County, to restrain the sale of property under a tax fi. fa. transferred to Turk by a transferee of the sheriff to whom taxes on the property had been paid.  It was alleged that Turk had used money from the rents on the property in paying for the transferred fi. fa.  Turk filed an answer and cross-petition denying the allegations, and setting up that the money was derived from his own sources; that he became a partner with Froehlich in the operation of a grocery business on the property, and that because of money spent by him under an agreement with Froehlich and Froehlich's former partner in making repairs on the grocery-store property and other property in which they had an interest, paying assessments and certain taxes, approximately $946 was due to him; that Froehlich was insolvent and unable to pay the debt; that unless a receiver were appointed to collect the rents from the property and pay the interest on a loan and certain insurance, he would suffer irreparable loss and damage; and that Froehlich should be enjoined from disposing of his interest in the property.  The court, on June 13, 1935, issued a temporary restraining order, and appointed a receiver pending the further order of court. On July 24, 1935, Turk filed an amendment to his cross-petition, alleging that the amount due him, including the amount of the tax fi. fa., was $1,209.74; that when he made the agreement with Froehlich and his partner it was understood that Turk would become the sole owner of the grocery business; that on June 7, 1935, Froehlich made a quit-claim deed to "Mrs. H. Levitsky" of the property in question, but this was in pursuance of a scheme between Froehlich and Jake

Goldberg, who claimed to represent Mrs. Levitsky under a power of attorney; that she was a non-resident, and the deed was delivered, not to her, but to Goldberg, and the purpose of the transaction was to hinder, delay, and defraud Turk, and the deed should be set aside and the judgment sought by him be made a special lien on the property. He prayed that Jake Goldberg and Mrs. H. Levitsky be made parties; that they be restrained from transferring or in any manner changing the status of the property; that he have judgment with a special lien on the property; that a receiver be appointed; and for other relief. Jake Goldberg and Mrs. H. Levitsky were made parties. Goldberg filed a demurrer on the grounds that the cross-action sought to make new parties after the amendment to the petition had been filed; that it set out a new cause of action; that it made the cross-action multifarious; that there was nothing in the cross-action which would authorize the amendment changing the cause of action and making new parties. He also filed a demurrer "individually and with power of attorney from Mrs. H. Levitsky," on the grounds that the amended cross-petition set out no cause of action; that it was without equity, and no reason was set out "for equitable intervention" or for the relief prayed. The court overruled the demurrers, and, after hearing evidence and argument, rendered judgment granting an injunction and appointing a receiver. Jake Goldberg and Mrs. Levitsky excepted.

■ None of the grounds of demurrer was meritorious. The court did not err in overruling them. Objections to a petition on the ground of changing the cause of action and of multifariousness must be raised by special demurrer distinctly pointing out the defect. *Georgia Railroad & Banking Co.* v. *Tice,* 124 *Ga.* 459 (52 S. E. 916, 4 Ann. Cas. 200); *Wilkinson* v. *Smith,* 179 *Ga.* 507 (176 S. E. 373).

■ "Equity may appoint a receiver to take possession of, and hold subject to the direction of the court, any assets charged with the payment of debts, where there is manifest danger of loss, or destruction, or material injury to those interested. Under extraordinary circumstances, a receiver may be appointed before and without notice to the trustee or other person having charge of the assets. The terms on which a receiver is appointed shall be in the discretion of the court." Code, § 55-305. "When any

fund or property may be in litigation, and the rights of either or both parties can not otherwise be fully protected, or when there may be a fund or property having no one to manage it, a receiver of the same may be appointed (on a proper case made) by the judge of the superior court having jurisdiction thereof, either in term time or vacation. A receiver is an officer of the court by which he is appointed." § 55-301. The grantee in the deed being a non-resident, and the petitioner in the cross-action having alleged a conspiracy to defraud him, participated in by the grantor and the grantee's purported agent, by a deed to property on which a tax execution had been issued, taken up by a third party and transferred to the petitioner in the cross-action, who caused a levy to be made; and the evidence being conflicting as to whether the execution was purchased with the funds of the grantor in the deed or the petitioner in the cross-action, and conflicting in many material particulars as to insolvency and fraud as alleged by the petitioner in the cross-action, the judgment granting the injunction and appointing a receiver at the interlocutory hearing will not be disturbed. *Reid* v. *Gordon,* 173 *Ga.* 168, 173 (159 S. E. 708). The facts of this case do not bring it within the principle of *Cubbedge* v. *Adams,* 42 *Ga.* 124, and similar cases applying the general rule that a court of equity will not ordinarily interfere, at the instance of a general creditor before judgment, to set aside a voluntary conveyance made to defeat creditors. Nor do the facts bring it within the principle of *Stillwell* v. *Savannah Grocery Co.,* 88 *Ga.* 100 (13 S. E. 963), where it was held error to appoint a receiver unconditionally without allowing the purchaser to give bond instead of surrendering the property.

*Judgment affirmed. All the Justices concur.*