FOREMOST DAIRY PRODUCTS INC. *et al. v.* SAWYER.

No. 12104.   MARCH 15, 1938.   REHEARING DENIED MARCH 25, 29, 1938.

706

708

710

716

*Lee W. Branch,* for plaintiff in error.

*Hall & Bloch* and *Wilcox, Connell & Wilcox,* contra.

RUSSELL, Chief Justice. 1. The court did not err in striking the pleas to the jurisdiction. Code, § 81-205; *Harris* v. *Palmore,* 74 *Ga.* 273; *Reid* v. *Gordon,* 173 *Ga.* 168 (159 S. E. 708); *Coral Gables Corporation* v. *Hamilton,* 168 *Ga.* 182 (147 S. E. 494).

2. The original petition, alleging that the conveyance sought to be set aside was executed by the defendant debtor with intent to hinder, delay, and defraud petitioner and other creditors, that such intention was known to the grantee named therein, and that thereby the debtor stripped itself of all its property and rendered itself insolvent, set forth a cause of action against both the debtor and its grantee, the defendants named in the action.

3. The several amendments to the petition, wherein the alleged fraudulent conduct of the defendants was set out in detail, and the prayer for general relief was made more specific in that a judgment in personam was prayed against the alleged fraudulent grantee, were not subject to the objections urged, except as to the prayer for a personal judgment against the alleged fraudulent transferee. The objection to this prayer should have been sustained.

4. Nor was the petition as amended subject to the grounds of demurrer by which it was assailed.

5. An exception based upon the refusal of the court to award a nonsuit will not be considered, where subsequently thereto the case is submitted to the jury, and after verdict being for the plaintiff a motion for a new trial is made which presents the complaint that the verdict is contrary to the evidence and without evidence to support it.

6. The court did not err in admitting in evidence the judgment and execution in favor of the plaintiff against the nonresident defendant, obtained in the District Court of the United States for the Southern District of Florida, over the objection that said judgment and execution have no extraterritorial effect and do not constitute a lien in Georgia, and do not bind the defendants as to the amounts due, and because attorney's fees allowed in Florida on a judgment would not be binding upon a defendant in Georgia. Under art. 4, sec. 1, of the constitution of the United States (Code, § 1-401), providing that "Full faith and credit shall be

given in each State to the public acts, records, and judicial proceedings in every other State," the judgment and execution were competent to prove the indebtedness against the defendant named therein. As to this defendant, the instant proceeding was in the nature of a suit on a foreign judgment.

7. Grounds 5-19 of the motion for new trial assign error on the admission in evidence of documents relating to transactions of the Foremost Dairy Products Inc., before and after the execution of the conveyance sought to be canceled, and of a stipulation of counsel as to one transaction involving property not covered by the conveyance attacked in this case. The substantial error assigned in each ground is that such evidence relates to property not involved in the conveyance alleged to be fraudulent, is immaterial, irrelevant, and sheds no light on the issues in the case, and is confusing to the jury. In his charge the court instructed the jury: "I have permitted the plaintiff and the defendants in this case to prove the entire history of the old company from the date of its organization in April, 1929, and to prove its course of dealings with the new company and with certain of its creditors other than the plaintiff in this case. It is for you to decide whether or not this evidence introduced by either side or both sides throws any light on the question of whether or not the conveyance of October, 1931, is fraudulent as to this plaintiff." The purpose for which this evidence was allowed being thus defined and limited, its admission was not erroneous for the reasons assigned.

8. In ground 20 complaint is made of the following charge to the jury: "The purpose of this action as will appear from the petition and answer, which you will have out with you, is that the plaintiff may recover of and from the defendants a sum of money stated and set out in the plaintiff's petition; and the further purpose of the petition and action is, by your verdict, to have you say that the bill of sale of October 24, 1931, executed by Foremost Dairy Products Inc. to Foremost Dairies Inc., was and is fraudulent, because it is contended by the plaintiff that the paper was executed and delivered by the Foremost Dairy Products Inc. to Foremost Dairies Inc., with intent to hinder, delay, and defraud creditors, including the plaintiff." The error assigned is that the court gave as one of the purposes and objectives of said suit the recovery from the defendants of a sum of money set out in the

petition, whereas the suit is an action to set aside a certain conveyance as fraudulent, and that the charge of the court was misleading. The charge was erroneous so far as it referred to personal judgment; but, as indicated in division 15, infra, the error is not cause for a reversal of the entire judgment, but may be cured by a direction.

9. In ground 21 error is assigned on the following charge: "The judge instructs you that the law provides that creditors may attack as fraudulent a judgment, conveyance, or any other arrangement interfering with their rights." It is alleged that said charge "does not set forth any principle of law in effect in Georgia, the right to attack as fraudulent a judgment or a conveyance being given to creditors only when the conveyance was executed with the intention to hinder, delay or defraud creditors. The effect of the charge of the court was to instruct the jury that a conveyance which interferes with the right of creditors could be set aside as fraudulent; whereas the true rule in a case of this kind is whether or not the conveyance was made with intention to hinder, delay and defraud creditors." The instruction complained of stated the principle embodied in the Code, § 28-104, and immediately thereafter the court charged the jury: "The law further provides that every conveyance of real or personal estate, by writing or otherwise, and every bond issue and execution, or contract of any description, had or made with intention to delay or defraud creditors, shall be null and void as to creditors, if such intention to delay or defraud creditors was known to the party taking such writing. The judge instructs you, in this connection, that the law further provides that a bona fide transaction—one made in good faith, on a valuable consideration, without notice or ground for reasonable suspicion of fraud,—shall be valid and binding." This assignment of error is without merit.

10. Ground 22 assigns error on the following charge: "The judge charges you that the transfer of all or nearly all of its property by a debtor, especially when it is financially embarrassed, is a badge of fraud, if such transfer or conveyance is not in the usual course of business." The error assigned is as to the use of the words "or nearly all." It is asserted that a conveyance of nearly all its property by a debtor would not be void unless made with intention to hinder, delay, or defraud creditors, and such

conveyance would not be fraudulent if the property retained was sufficient to pay all the debts. Also, that said charge was erroneous because the grantor in the conveyance attacked was authorized under its charter to transfer all its properties; and was hurtful to the defendants, because it was not contended that by the conveyance attacked Foremost Dairy Products Inc. transferred all its property to Foremost Dairies Inc. When considered in connection with the entire charge, this instruction, if erroneous, was not cause for a reversal, the court more than once in the charge having told the jury that a bona fide sale would be valid.

11. Ground 23 assigns error on the court's instruction as follows: "The judge instructs you further that retention by the grantor of the possession of property transferred is a badge of fraud, to be considered with all of the circumstances of the case in determining the good faith of the conveyance or transfer." The error assigned is that there was no evidence to justify the same, it not being contended by the plaintiff or shown by any of the testimony that any of the property transferred by the conveyance attacked was retained by the grantor after said transfer. Under the evidence the instruction complained of should not have been given; but on consideration of the entire record it appears that the defendants were not harmed thereby, and therefore the charge does not afford cause for reversal.

12. Ground 24 assigns error on the following charge: "I have permitted the plaintiff and the defendants in this case to prove the entire history of the old company from the date of its organization in April, 1931, and to prove its course of dealings with the new company and with certain of its creditors other than the plaintiff in this case. It is for you to decide whether or not this evidence introduced by either side or both sides throws any light on the question of whether or not the conveyance of October 24, 1931, is fraudulent as to this plaintiff." It is contended that the charge quoted, and the evidence admitted in conformity thereto, had the effect of confusing the jury, and permitted the jury to determine from transactions entirely disassociated from the alleged fraudulent transaction whether or not the intention in the execution of the conveyance attacked was to hinder, delay, and defraud creditors. The instruction complained of was appropriate to the case as made by the pleadings and evidence, and to the allegations of fraudulent intent on which petitioner based his action.

13. The failure of the court to charge the jury that the failure to record the bill of sale which was attacked as fraudulent was not evidence of fraud on the part of the defendants, because there is no law which requires the recordation of a bill of sale to personal property, as set out in ground 25, is not cause for a reversal of the judgment overruling the motion for new trial.

14. Nor is it cause for reversal that, as contended in ground 26, the court erred in failing, without request, to charge the jury, that the mere failure to record a described mortgage was not a badge of fraud if the uncontradicted evidence explained the delay in recording, and unless it was not recorded as the result of an understanding between the mortgagor and mortgagee that it should be withheld from record.

15. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial. The decree, however, was erroneous to the extent that it included the recovery of a personal judgment against the alleged fraudulent transferee, objection to the prayer for such judgment having been duly made and overruled, and exceptions pendente lite taken. This one error, however, will not require a reversal of the judgment in its entirety. The judgment is affirmed, with direction that the decree be modified by striking therefrom the portion relating to personal judgment.

*Judgment affirmed, with direction. All the Justices concur, except Atkinson, P. J., who dissents, and Grice, J., disqualified.*