JONES *et al.* v. PROCTOR *et al.*

No. 14472.   MARCH 11, 1943.

*Spence & Spence,* for plaintiffs in error.

*Mitchell & Mitchell* and *Frampton E. Ellis,* contra.

GRICE, Justice. Courts of equity have concurrent jurisdiction with courts of ordinary in the administration of the estates of deceased persons in all cases where equitable interference is necessary or proper for the full protection of the rights of the parties at interest. *West* v. *Mercer,* 130 *Ga.* 357 (60 S. E. 859); *White* v. *Glasgow,* 193 *Ga.* 609 (19 S. E. 2d, 305); Code, § 37-403. But a receiver should not be appointed to take the assets out of the hands of the legally appointed representatives, except in cases of manifest danger of loss or destruction, or material injury to the assets. *West* v. *Mercer,* supra. The instant case is one where a testator's will gave to the defendant executor large powers in the management of the estate, no bond being required of him. A part of the estate consists of dwelling-houses, which, according to the petition, are in need of repair and are deteriorating for lack of it; and the executor is insolvent. Other allegations are to the effect that Mrs. Jones, a codefendant, is collecting the rents, that the taxes on the property are in default, that a loan deed is upon the property, interest payments on which are also in default. There was neither proof nor allegation that the holder of the loan deed was threatening to proceed against the property, or that the tax executions had been levied. Nor is it shown that any demand was ever made on the executor to place these needed repairs on the property. The answer admitted that the back porch of a dwelling needed slight repairs, and stated that "There has been insufficient money in the hands of the executor to make the small repairs, but the same are not immediately necessary."

Without deciding whether under the Code, § 113-2203, which declares that "A court of equity shall have concurrent jurisdiction with the ordinary over the settlement of accounts of administra-

610

tors," the court properly refused to dismiss the action, since there was a prayer for an accounting and settlement as between the legatees and the executor, the conclusion is reached that the petition stated a case which, as against the demurrer, might justify the appointment of a receiver. If an insolvent executor in charge of real estate which includes houses which need repairs, no matter however small, and he, being without sufficient funds to make them, fails to do so, and on this account the property is deteriorating, the persons to whom the property has been devised are entitled to have the same protected, and the appointment of a receiver with directions to him, as was done in this case, to have the repairs made, seems to us not to be an inappropriate remedy. It was not an abuse of discretion to appoint a receiver. The plaintiffs' right to the relief hangs by a slender thread, but it can not be said to be so weak as to require a reversal.

*Judgment affirmed. All the Justices concur, except Duckworth, J., who dissents.*