18938. ESSO STANDARD OIL COMPANY *v.* MOORE *et al.*

HEAD, Justice. 1. "The courts of this State have no extra-territorial jurisdiction, and cannot make the citizens of foreign States amenable to their process, or conclude them by a judgment in personam, without their consent." *Dearing* v. *The Bank of Charleston,* 5 *Ga.* 497 (5) (48 Am. D. 300); *City Fire Insurance Co. of Hartford* v. *Carrugi,* 41 *Ga.* 660; *Reynolds & Hamby Estate Mortgage Co.* v. *Martin,* 116 *Ga.* 495 (42 S. E. 796); *Gates* v. *Shaner,* 208 *Ga.* 454 (1) (67 S. E. 2d 569), and cases cited.

2. "A personal judgment is without any validity, if it be rendered by a State court in an action upon a money-demand against a non-resident of the State, who was served by a publication of summons, but upon whom no personal service of process within the State was made, and who did not appear." *Pennoyer* v. *Neff,* 95 U. S. 714 (2) (24 L. ed. 565); *Roller* v. *Holly,* 176 U. S. 398 (20 Sup. Ct. 410, 44 L. ed. 520).

3. "Where the want of jurisdiction over the person is apparent upon the face of the bill, it should be taken advantage of by demurrer." *Kendrick* v. *Whitfield,* 20 *Ga.* 379 (3); *Mullally* v. *Mullally,* 199 *Ga.* 708, 709 (2) (35 S. E. 2d 199); *Gates* v. *Shaner,* supra. Under the foregoing rules, the trial judge properly sustained the demurrers of the non-resident wife.

4. The cases of *DeLacy* v. *Hurst, Purnell & Co.,* 83 *Ga.* 223 (9 S. E. 1052); *Conley* v. *Buck,* 100 *Ga.* 187 (28 S. E. 97); *Roach* v. *Terry,* 164 *Ga.* 421 (138 S. E. 902); *Keeter* v. *Bank of Ellijay,* 190 *Ga.* 525, 526 (9 S. E. 2d 761); *Edwards* v. *United Food Brokers, Inc.,* 195 *Ga.* 1 (22 S. E. 2d 812); *Peoples Loan Co.* v. *Allen,* 199 *Ga.* 537 (34 S. E. 2d 811); *Harper* v. *Atlanta Milling Co.,* 203 *Ga.* 608 (48 S. E. 2d 89); *Von Kamp* v. *Gary,* 204 *Ga.* 875 (52 S. E. 2d 591), and similar cases, cited and relied upon by the petitioner, are not in point on their facts with the present case and do not sustain the petitioner's contentions. In the above cases the defendants were residents and personally served with process, or the plaintiffs were the holders of judgments and proceeding in rem against property of non-resident defendants. In *Reid* v. *Gordon,* 173 *Ga.* 168 (159 S. E. 708), cited by the petitioner, two Justices dissented and one

Justice was absent. If in point on its facts, the *Reid* case is in conflict with older, full-bench decisions.

5. No right to injunction against the resident defendants is shown by the facts alleged. Code § 55-106; *Smith* v. *Manning,* 155 *Ga.* 209 (116 S. E. 813); *Keeter* v. *Bank of Ellijay,* supra; *Irwin* v. *Willis,* 202 *Ga.* 463, 464 (2) (43 S. E. 2d 691, 4 A. L. R. 2d 1265).

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., absent on account of illness.*

SUBMITTED APRIL 12, 1955—DECIDED MAY 10, 1955—
REHEARING DENIED JUNE 15, 1955.