S96A0791. KRUZEL et al. v. LEEDS BUILDING PRODUCTS, INC.

(470 SE2d 882)

CARLEY, Justice.

Leslie Kruzel entered into an alleged oral contract with Civil Structures, Inc. (CSI) for the construction of a house on property that she owned. Ms. Kruzel's father, Robert Parker, was the president and chief executive officer of CSI. Mr. Parker was also the president of a Florida corporation known as Wildwood Properties, Inc. (Wildwood). Although Wildwood was not licensed as a residential mortgage lender in Georgia, it was named as the grantee in a construction loan deed to secure debt executed by Ms. Kruzel. This security deed was recorded and, a few days later, Wildwood was dissolved by the Florida Secretary of State. The house has not been completed and numerous claims of lien have been filed against the property by materialmen. Leeds Building Products, Inc. (Leeds) is one of the materialmen. Leeds brought suit, seeking, among other relief, cancellation of the

security deed and appointment of a receiver. After conducting a hearing, the trial court appointed a receiver to take possession of the property and to finish the construction of the house. The receiver also was directed to liquidate the property after completion of the improvements. It is from that order that this appeal is taken. OCGA § 5-6-34 (a) (4).

1. The mere existence of a claim of lien against property "constitutes no reason whatever for the appointment of a receiver for such property." *Irwin v. Willis*, 202 Ga. 463, 478 (2) (43 SE2d 691) (1947). However, equity does authorize the appointment of a receiver to take and hold "any assets charged with the payment of debts where there is manifest danger of loss, destruction, or material injury to those interested." OCGA § 9-8-3. It has long been recognized that the power of appointment conferred by this statutory provision is discretionary and will not be controlled, unless abused. *Gardner v. Howell*, 60 Ga. 11 (1878).

Here, there was evidence that the uncompleted house has been vandalized, that no repairs had been made and that there were threats of further damage to the unoccupied house. See *Jones v. Proctor*, 195 Ga. 607 (24 SE2d 779) (1943). Compare *Irwin v, Willis*, supra at 477 (2) (no further risk to property already partially destroyed by fire). Moreover, the evidence does not exclude the possibility of fraudulent collusion as between Ms. Kruzel, CSI, Mr. Parker and Wildwood for the purpose of defeating the materialmen's liens. See *Albany & Renssellaer Iron &c. Co. v. Southern Agricultural Works*, 76 Ga. 135, 170 (3) (1886) (nonconclusive presumption of intent "to delay, hinder and defraud such creditors as are not favored and preferred by the deed"). See also *Levitsky v. Turk*, 182 Ga. 873, 874 (2) (187 SE 107) (1936). Although a judicial cancellation of the security deed from Ms. Kruzel to Wildwood has not yet occurred, the very purpose of appointing a receiver is to preserve and hold the property until such time as the merits of Leeds' claims, including the claim for cancellation of the security deed, can be determined. *Jones v. Wilson*, 195 Ga. 310 (2) (24 SE2d 34) (1943). See also *Peoples Loan Co. v. Allen*, 199 Ga. 537, 564 (1) (34 SE2d 811) (1945); *Levitsky v. Turk*, supra.

At the hearing, there was an offer to give a bond and it is urged that this offer precluded the trial court from appointing a receiver. However, at all times after Leeds and the other materialmen filed their claims of lien, the owner of the property had the unilateral option to post a bond and discharge the liens. OCGA § 44-14-364. Yet, no bond had ever been posted. Under the circumstances, the trial court was authorized to find that a mere *offer* to give a bond was not an adequate substitute for the appointment of a receiver. See *The Anvil v. Savery*, 116 Ga. 321, 324 (42 SE 495) (1902); *Harrison v. Cot-*

*ton States Life Ins. Co.*, 78 Ga. 716, 732 (1887). Compare *Irwin v. Willis*, supra (no statutory equivalent to OCGA § 44-14-364 authorizing pre-litigation bond as to unliquidated tort claims).

> Notwithstanding the oft-repeated rule that the power of appointing receivers should be prudently and cautiously exercised, and, except in clear and urgent cases, should not be resorted to, the power still remains in a court of equity in a proper case, and the discretion of the court will not be disturbed unless manifestly abused.

*Parrish v. Rigell*, 183 Ga. 218, 224 (1) (188 SE 15) (1936). Since there was no manifest abuse of the trial court's discretion in this case, we affirm the appointment of a receiver.

2. It is urged that, even if the trial court properly appointed a receiver, he nevertheless erred by authorizing the receiver to sell the property. A trial court is not authorized to confer upon a receiver the power to sell property before a trial on the merits, "[i]n the absence of some emergency which creates an immediate necessity [there]for. . . ." *Coker v. Norman*, 162 Ga. 238 (1) (133 SE 243) (1926). "An order authorizing the sale of property by a receiver . . . should be founded upon satisfactory proof as to the necessity of such sale." *Dixon v. Rutherford*, 26 Ga. 149 (1858). Although the evidence was sufficient to authorize appointment of a receiver pursuant to OCGA § 9-8-3, a review of the trial court's order shows no finding of an emergency creating an immediate necessity for a pre-trial sale of the property. Accordingly, we reverse that portion of the trial court's order which confers upon the receiver the power to conduct a pre-trial sale of the property.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED JUNE 3, 1996.

*James A. Hamilton*, for appellants.
*Johnston & Marsh, Howard H. Johnston, Sherryl M. Marsh*, for appellee.