## S96A1827, S96A1828. R.R.R. LIMITED PARTNERSHIP v. RECREATIONAL SERVICES, INC. et al. (two cases).
### (481 SE2d 225)

HUNSTEIN, Justice.

The parties before this Court, and others not involved in this appeal, entered into an agreement in May 1994 which settled certain litigation among the parties over golf course property in Cobb County; the settlement agreement was incorporated verbatim into and made part of the order of the trial court in June 1994. Rather than resolving the parties' conflicts, the settlement judgment has been the source of further litigation,[1] leading to the entry of two orders which are the subject of the appeals here. R.R.R. Limited Partnership appeals from the trial court's order appointing a permanent receiver for the golf course in Case No. S96A1827 and from the order holding it in contempt of court on numerous grounds in Case No. S96A1828. We affirm both rulings.

### Case No. S96A1827

1. The trial court's order set forth in great detail the factual basis for its determination that it was necessary to appoint a permanent receiver to carry out the terms of the trial court's orders and to protect the rights of appellee Cumberland Creek Properties, Inc. ("CCP"), the entity holding an option under the settlement judgment to purchase the golf course. Based on our review of the record on appeal, we find no manifest abuse of the trial court's discretion in appointing a permanent receiver. See *Kruzel v. Leeds Bldg. Products*, 266 Ga. 765 (1) (470 SE2d 882) (1996).

---

[1] In its order holding R.R.R. Limited Partnership in contempt, the trial court noted that it has conducted 11 hearings and issued 13 orders (in addition to scheduling and administrative orders).

*Case No. S96A1828*

2. In its first argument regarding the trial court's contempt order, appellant challenges the fact that the trial court allowed corporate appellee CCP to be represented in court in a contempt attachment by Ronald Leventhal, an officer and member of CCP's board of directors, who is not an attorney,[2] in violation of OCGA § 15-19-52.[3] This Court in *Eckles v. Atlanta Tech. Group*, 267 Ga. 801 (2) (485 SE2d 22) (1997) invalidated OCGA § 15-19-52 when we held that a corporation may not be represented in court by any person who is not a lawyer. That holding necessarily applies to persons representing corporations in contempt proceedings. However, *Eckles* does not control here because this case was initiated prior to the publication of *Eckles* in the Advance Sheets. Turning to the enumeration raised, we disagree with appellant that a contempt proceeding is among the "attachment" proceedings addressed by OCGA § 15-19-52. We thus find no merit in the argument that Leventhal's representation of CCP was error under that statute.

3. As has been long recognized, "the discretion of the judges of the superior courts in all matters pertaining to contempt of their authority and mandates will never be controlled unless grossly abused, [cits.]" *Hayden v. Phinizy*, 67 Ga. 758, 760 (2) (1881), and such decisions are final "unless there is something in the decision to show a most flagrant abuse of the discretion." *Cabot v. Yarborough*, 27 Ga. 476, 478 (1859). Based on our review of the record and the trial court's detailed order, we find no merit in appellant's arguments that the contempt order lacks the requisite specificity; that the trial court's rulings are not supported by the evidence; that the trial court erred by requiring appellant to carry out the obligations appellant voluntarily undertook when it entered into the underlying settlement agreement on the grounds that those obligations are unenforceable for vagueness or impossibility of performance; or that the trial court's order requiring appellant to continue to comply with its orders violates appellant's due process rights. Given that this is a contempt action for appellant's repeated violations of a judgment of the trial court and not an action for breach of contract, appellant's arguments regarding appellees' standing as mere optionees are irrel-

---

[2] Leventhal also participated in the contempt proceeding in his individual capacity.
[3] OCGA § 15-19-52 provides
Nothing contained in this article [regarding the regulation of the practice of law] shall prevent any corporation . . . from doing any act or acts set out in Code Section 15-19-50 [defining the practice of law in Georgia] to which the persons are a party; but, in preparing and filing affidavits in attachments and prosecuting such proceedings, it shall be unlawful for the plaintiffs to act through any agent or employee who is not a duly licensed attorney at law.

evant. Likewise without merit are appellant's arguments that reversible error was committed by the trial court in any of its rulings due to the filing of the bankruptcy petition, as the bankruptcy court expressly lifted the automatic stay to permit appeals from the trial court's orders. We find no reversible error in the trial court's rulings regarding the Parcel "A" taxes, its award of costs (but not attorney fees) to appellees, or the revival of other pending lawsuits by appellees.

Appellant also challenges a number of the trial court's rulings, arguing that the rulings constituted improper awards of damages to appellees not allowable in a contempt action.[4] We do not agree with appellant's categorization of these rulings as an award of damages or as penalties or fines for contempt. In no instance was appellant penalized over and above the bare minimum required to remedy appellant's failure to comply with the terms of the settlement judgment. Appellant's reliance on *Carey Canada, Inc. v. Hinely*, 257 Ga. 150 (356 SE2d 202) (1987) is misplaced. That case involved a fine imposed on a party to compel compliance with a prior court order, and its resolution turned on the distinction between criminal and civil contempt. The rulings in issue here are not fines imposed on appellant to compel compliance but rather represent what is necessary to comply in the first place and thus were well within the trial court's discretion. *Hayden v. Phinizy, Cabot v. Yarborough,* supra. Compare *McKenna v. Gray*, 263 Ga. 753 (438 SE2d 901) (1994).

4. Arguments raised by appellant but not addressed in this opinion have been reviewed and found meritless.

*Judgments affirmed. All the Justices concur.*

DECIDED MARCH 3, 1997.

*Varner, Stephens, Humphries & White, J. Timothy White, Lydia M. Hilton, Valente & Strauss, John G. Valente, John J. Strauss,* for

---

[4] Appellant contends the trial court awarded appellees damages in that the trial court (1) is requiring appellant to reduce the option price of the golf course commensurate to the revenues lost as a result of appellant's failure to comply with the settlement judgment; (2) is requiring appellant to pay a bill it was obligated under the settlement judgment to pay; (3) is requiring appellant to pay certain sums to two golf course employees whose hours were improperly reduced, or else be subject to civil or criminal contempt attachment; (4) that the trial court is improperly extending the interval for CCP to exercise its option to purchase the golf course for a period of time commensurate with appellant's delay in completing construction of the course; (5) and, finally, is improperly awarding appellees damages by providing that appellant could purge itself of contempt from its failure to comply with the construction requirements in the settlement judgment (in that appellant failed to construct properly the turn at the ninth and tenth golf holes and to correct the physical deficiencies in appellant's non-conforming layout of the course) by paying sums to the permanent receiver so that the receiver could correct the deficiencies.

appellant.

*Kaufman, Chaiken, Harrison, Miller & Klorfein, Mike D. Harrison,* for appellees.

*William B. Herndon, Glass, McCullough, Sherrill & Harrold, John J. Sherrill, Bryan A. Downs,* amici curiae.