# Court of Appeals
# of the State of Georgia

ATLANTA,  September 19, 2023

*The Court of Appeals hereby passes the following order:*

## A24I0026. JOSE VIERA v. LAURA L. KIDD.

Laura L. Kidd filed a petition for statutory partition pursuant to OCGA § 44-6-160, seeking the partition of certain real property in which Jose Viera and others held an interest. Viera has apparently been residing at the property. The trial court appointed a receiver to sell the property, providing that any final sale would require court approval and that after any sale the court would hold a hearing to determine how the proceeds should be distributed. The receiver subsequently filed a motion to approve a certain purchase offer, and Viera objected and requested that he be allowed to purchase the property. The trial court issued an order approving the offer obtained by the receiver, directing the receiver to sign the offer, and directing Viera to cooperate with the sale and take certain steps in vacating the property and preparing it for the new owner. Viera then filed this timely application for interlocutory review.

Although this case remains pending below, the trial court's order is directly appealable as the grant of a mandatory injunction. OCGA § 5-6-34 (a) (4) allows direct appeals from "[a]ll judgments or orders . . . for interlocutory or final injunctions." "A mandatory injunction is an injunction that directs action that could affect the rights of parties to the litigation." *Cobb County v. Mable Oak Dev.*, 366 Ga. App. 561, 561 (883 SE2d 571) (2023); see also *Glynn County v. Waters*, 268 Ga. 500, 501 (1) (491 SE2d 370) (1997) (an order that required the appellant "to perform the affirmative act of placing [the appellee] in another position" constituted the grant of a mandatory injunction and was directly appealable). Because the order here directed the receiver to sign the purchase offer and directed Viera to take certain steps to cooperate with the sale, it constitutes the grant of a mandatory injunction and is

directly appealable under OCGA § 5-6-34 (a) (4). See *Kruzel v. Leeds Building Products, Inc.*, 266 Ga. 765, 766 (470 SE2d 882) (1996) (order for receiver to take possession of property, finish construction, and liquidate property was directly appealable); *Earth Mgmt. v. Heard County*, 248 Ga. 442, 443 (1) (283 SE2d 455) (1981) (order denying landowner's request for injunctive relief from county's condemnation of property was directly appealable); *Padgett v. Cowart*, 232 Ga. 633, 634 (208 SE2d 455) (1974) (order requiring that a church conference be held was in the nature of a mandatory injunction and was directly appealable, because it required action that could affect the rights of parties to the litigation).

"This Court will grant a timely application for interlocutory review if the order complained of is subject to direct appeal and the applicants have not otherwise filed a notice of appeal." *Spivey v. Hembree*, 268 Ga. App. 485, 486 n. 1 (602 SE2d 246) (2004). Accordingly, this interlocutory application is hereby GRANTED. Viera shall have ten days from the date of this order to file a notice of appeal in the trial court. If Viera has already filed a notice of appeal from the order at issue here, he need not file a second notice. The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*

    *Clerk's Office, Atlanta,*  09/19/2023

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

Stephen E. Castlen           , *Clerk.*